FELLOWS, Respondent, vs. GILHUBER, Appellant.

*May 3 — September 27, 1892.*

*Liability of lessor for dangerous premises.*

The lessor of an hotel is not liable for an injury to a guest caused by the fall of an awning known to be unsafe, unless he was bound by the lease to keep the awning in repair.

Fellows vs. Gilhuber.

APPEAL from the Circuit Court for *Green Lake* County. The case is stated in the opinion.

For the appellant there was a brief by *Niskern & Engelbracht*, and oral argument by *Perry Niskern* and *E. S. Bragg*.

For the respondent there was a brief by *Eaton & Weed*, and oral argument by *M. H. Weed*. They contended, among other things, that where the defect existed at the time of making the lease, the lessor is liable for the unsafe condition of the premises, notwithstanding a clause in the lease that the lessee shall keep the same in repair. *Swords v. Edgar*, 59 N. Y. 28; *Moody v. Mayor*, 43 Barb. 282; Shearm. & R. Neg. sec. 502; *Davenport v. Buckman*, 37 N. Y. 568; *Benson v. Suarez*, 43 Barb. 408; *O'Connor v. Andrews*, 81 Tex. 28; *Todd v. Flight*, 9 C. B. N. S. 377; *Nelson v. Liverpool B. Co.* L. R. 2 C. P. Div. 311; *Irvine v. Wood*, 51 N. Y. 224; *Albert v. State*, 66 Md. 325.

The following opinion was filed May 24, 1892:

ORTON, J. The defendant was the owner of the City Hotel, situated on certain lots in the city of Berlin. In front of said hotel is Huron street, and there was a wooden awning on that side, fastened to the building on one side, and resting on posts on the other or outer side, and over the sidewalk on said street. At the east end of the awning there is an alley leading to the barn. The posts had become rotten and imperfect on which the awning rested. The plaintiff and his wife were guests at said hotel, and were standing and had been for some time under the awning, on the 2d day of January, 1886, when one Henry Hallowell, another guest at the hotel, came along the street with a sleigh, driving fast, and turned into said alley with such speed that the sleigh slewed around and struck the corner post, and broke it off at the bottom, where it was rotten, and the awning fell on the plaintiff and his wife,

and injured both of them. The plaintiff claims for damages to himself, and for loss of services of his wife for such injuries, and claims that the posts of said awning had long been rotten and unsafe, and allowed to stand there by the negligence of the defendant.

At this time the hotel was not in the possession of the defendant, but of one C. F. Davlin, to whom she had leased the premises on the 15th day of April, 1885, for the term of three years from the 1st day of May, 1885, with the privilege of five years, at the rent of $500 per year; and the defendant stipulated in said lease to make certain repairs, not including this awning, and the lessee was to keep the buildings in order at his own expense, and the defendant did not stipulate to make any other repairs of the premises whatever.

The defendant requested the court to submit to the jury the following questions for them to find, which the court refused, and the defendant excepted, viz.: (1) "Was said Hallowell driving with ordinary care and prudence when his sleigh struck the post?" (2) "Were the premises in the possession of the witness Davlin at the time of the accident?" (3) "Did the witness Davlin agree to keep the building on said premises and said awning in order at his own expense?"

The jury returned the following special verdict: (1) "The defendant was guilty of a want of ordinary care and prudence in maintaining the said awning in an unsafe and dangerous condition." (2) "Such want of ordinary care and prudence was the proximate cause of the injury to the plaintiff." (3) "Such awning had been in an unsafe and dangerous condition one year prior to the accident." (4) "The defendant's agent, Eichstaedt, was notified of such unsafe and dangerous condition during the summer of 1885." (5) "The plaintiff is entitled to recover damages assessed at $1,000."

There is considerable said in the brief of respondent's counsel and in the charge of the court about the awning being a nuisance, as an obstruction to travel on the sidewalk, or dangerous to travel. The plaintiff and his wife were not traveling on the sidewalk when the accident occurred. He had been standing there in conversation with a gentleman twenty minutes, and his wife ten minutes, when the awning fell. The injury was not caused by the awning being a nuisance to the traveling public. It would not have fallen if the post had not been rotten at the base, and if it had not been driven against by Hallowell. The verdict is not predicated on the post or the awning being a nuisance or an obstruction, but on its being unsafe and dangerous, and had been one year, and the want of care was in maintaining it in that unsafe and dangerous condition. The question of nuisance was not submitted to the jury, or considered by them, and has no place in the case. The defendant is held to liability because the awning was unsafe, and that she had notice of it. It is treated as a lawful structure and part of the hotel, that had been negligently allowed to get into an unsafe and dangerous condition; and that the defendant had notice of it; and that it was so situated at the junction of the street and the driveway to the barn that it was liable to be run against. That is the only theory of the case and the verdict.

The awning is a part of the hotel buildings, and passed to the lessee, Davlin, under the lease. There is nothing in the case but what admits squarely and fairly the application of the principle that the lessee under such a lease is liable for any injury occasioned by the want of repair of any part of the leasehold premises, and not the landlord. The lease requires the lessor to repair certain parts of the premises, and, by construction, excluding this awning, which affirmatively imposes upon the lessee the duty to repair it, besides the stipulation that he "shall keep the buildings in order at his own expense." This question was raised by

Fellows vs. Gilhuber.

the requests of the defendant to submit it specially to the jury, whether Davlin agreed to keep the buildings in repair or in order, etc. As we view the question, this fact is fatal to the recovery against the defendant.

This has long been the doctrine of the common law, and in England has never been changed. *Payne v. Rogers*, 2 H. Bl. 350; *Russell v. Men of Devon*, 2 Term R. 667; *Cheetham v. Hampson*, 4 Term R. 318; *Pretty v. Bickmore*, L. R. 8 C. P. 401; *Gwinnell v. Eamer*, L. R. 10 C. P. 658; *Robbins v. Jones*, 15 C. B. (N. S.), 221; *Nelson v. Liverpool Brewery Co.* 2 C. P. Div. 311. Most of the American follow the English authorities. *Mellen v. Morrill*, 126 Mass. 545; *Leonard v. Storer*, 115 Mass. 86; *Bartlett v. Boston G. L. Co.* 117 Mass. 533; *Lowell v. Spaulding*, 4 Cush. 277. In *Harris v. Cohen*, 50 Mich. 324, the tenant is made liable even for a nuisance. *Burdick v. Cheadle*, 26 Ohio St. 393; *Fisher v. Thirkell*, 21 Mich. 1; *Coke v. Gutkese*, 80 Ky. 598; 2 Shearm. & R. Neg. p. 587, § 503; Thomp. Neg. 309, note. "A landlord who lets a house in a dangerous state is not liable to the tenant's customers or guests for accidents." 2 Shearm. & R. Neg. 711. "The landlord is not liable for injuries occasioned by a dangerous condition of the premises existing at the time of the lease, if there was no covenant to repair in the lease, but the tenant is." Ray, Neg. Imp. Dut. 61, and cases cited. In New York at first it was so held. *Jaffe v. Harteau*, 56 N. Y. 398. But subsequently, by a divided court, the doctrine is questioned, and left unsettled, in *Edwards v. N. Y. & H. R. Co.* 98 N. Y. 245. But it would seem that the current of authorities in this country, as well as in England, is in favor of the principle, and on sound reasoning; and, it being a new question in this court, we are at liberty to adopt it. By many of these cases it is held to make no difference whether the defective structure is a nuisance or not, or whether it is an obstruction to a highway. The principle

is evidently strengthened by the injured party being a guest of the lessee at the time of the accident.

The court should have submitted to the jury the questions of the lease and its terms, as requested, with the view of enforcing this principle by ordering a nonsuit in the case. This relation of the defendant as landlord of the dangerous structure by the terms of the lease, clearly precludes a recovery against her for the injuries of the plaintiff. The other assignments of error are not material.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for new trial.

A motion for a rehearing was denied September 27, 1892.