COOPER, Appellant, vs. THE VILLAGE OF WATERLOO, Respondent.

*October 4 — October 23, 1894.*

*Municipal corporations: Injuries from defective sidewalk: Liability of lot owner: Joinder of parties: Appealable order.*

1. A lot owner is not liable for injuries resulting from mere defects in the sidewalk in front of his lot, unless made so liable by statute.

2. A village charter providing that in certain cases the trustees should require lot owners to build or repair sidewalks, and if the latter failed to do so should have power to cause the work to be done at the expense of the lots, and ordinances passed in pursuance thereof, did not render a lot owner liable for an injury caused by a defect in the sidewalk which he was by such ordinances required to repair.

3. Sec. 1, ch. 471, Laws of 1889 (sec. 1339b, S. & B. Ann. Stats.),— providing that the person by whose wrong, default, or negligence a defect in the highway is caused shall be primarily liable for injuries happening by reason of such defect,— was not intended to create any liability or give any new right of action, but merely to regulate the remedy for rights of action otherwise created.

[4. Whether, under ch. 471, Laws of 1889, where a lot owner or other person is primarily liable for an injury resulting from a defect in the highway, the plaintiff can be compelled to make him a defendant in an action for such injury against the municipality, not determined.]

5. An order striking a cause from the calendar because of plaintiff's failure to bring in as a defendant a third person whom the defendant alleged to be primarily liable, is appealable.

APPEAL from the Circuit Court for *Jefferson* County.

This action is for personal injuries sustained by the plaintiff, January 19, 1893, and occasioned, as is alleged, by

Cooper vs. The Village of Waterloo.

a depressed piece of sidewalk about thirty feet long on the south side of Madison street, in the defendant village, which was about fifteen inches lower than the sidewalk adjoining on the east and west; that this depressed piece was joined to the sidewalk running east by slanting planks about six feet long, laid lengthwise of the walk, forming an incline, the east end of which was about fifteen inches higher than the west end thereof; that upon the slanting planks there were nailed crosswise slats or cleats; that, by reason of such construction, snow and ice would accumulate thereon in such a manner as to render the said incline slippery and unsafe for travelers passing upon it.    The defendant answered, to the effect that it was not personally· liable for the damage claimed; that the adjoining lot owner, Mark Lever, was primarily liable therefor, if any one; and demanded that he be joined as defendant, pursuant to the statute.

The plaintiff having failed to amend her summons and complaint as demanded, and the cause having been duly noticed for trial on the calendar for that purpose, the defendant moved, upon said answer duly verified and an affidavit setting forth the ordinances of the village, to strike said cause from the calendar for such failure to make Mark Lever a party defendant.    From an order granting such motion, the plaintiff appeals.

For the appellant there were briefs by *Bushnell, Rogers & Hall*, and oral argument by *F. W. Hall* and *W. H. Rogers.*    To the point that sec. 1339*b* was intended to embrace only that class of cases in which the owner of the lot or third party was a wrong-doer, and in which he was liable before the passage of the act, they cited *Rochester v. Campbell*, 123 N. Y. 405; *Norton v. St. Louis*, 97 Mo. 537; *St. Louis v. Conn. Mut. L. Ins. Co.* 107 id. 92.

*Geo. W. Bird* and *H. T. Ames*, for the respondent, to the point that secs. 1339*b* and 1339*c* make the adjoining lot

owner, in a city whose charter imposes on him the duty to construct and repair streets and sidewalks in front of his lot, primarily liable for all damages resulting from any defect therein for which the city would be liable under sec. 1339, cited *Woodward v. Boscobel*, 84 Wis. 226; *Kollock v. Madison*, id. 458; *Hiner v. Fond du Lac*, 71 id. 74; *Carthage v. Frederick*, 122 N. Y. 268; *In re Goddard*, 16 Pick. 504.

CASSODAY, J. The village charter provided, in effect, that "whenever a majority of all the owners of real estate lots bordering on one side of any such street or part of street, shall desire to have a sidewalk built or repaired," application thereof in writing shall be made by them to the board of village trustees, who thereupon "shall make an order specifying the manner the work shall be done, and require the owners of lots fronting on said street to make the improvements asked for, within such time as they shall deem proper; and if the owners of said lots do not make or cause to be made the said improvements within the time and manner so specified, the trustees shall have power to cause such work to be done, and levy a tax on the lots in front of which said work is done, and to collect the same as other taxes are collected, to pay therefor." P. & L. Laws of 1867, ch. 114, secs. 29, 30. One of the ordinances mentioned in the foregoing statement was passed October 31, 1871, and required such lot owners, including the owner of the premises in question, to build a good and substantial sidewalk in front of their respective lots on the south side of the street in question, as therein directed. The other ordinance mentioned was passed June 30, 1880, and required the owners of such lots, including the lot in question, to rebuild and repair the sidewalk in front of the same, as therein directed, within thirty days from the service or publication thereof, and in effect provided that, if

such owners failed to complete such repairs within the time mentioned, then it would be the duty of the board to cause the same to be done at the cost of such property.

These provisions of the charter and of the ordinances mentioned did not, in our judgment, make the lot owners primarily liable, nor liable at all, for an injury to a traveler by reason of a defective sidewalk in front of their lots, respectively. On the contrary, they merely gave to the several lot owners the option of constructing or repairing the walk in front of their lots, respectively, or paying for the cost thereof, or of allowing the same to be enforced against and collected out of the lot as a special tax. Although the charter is somewhat different from the one involved in *Woodward v. Boscobel*, 84 Wis. 231, yet the principle of law involved is substantially the same as in that case, where it was held that the charter "leaves not only the primary, but the entire, obligation upon the city to build the walks and keep them in repair."

It is to be remembered that at common law a town or village or an adjoining land-owner was not liable for damages sustained by reason of a mere defective highway therein — much less by reason of a mere defective sidewalk therein. There is no liability, therefore, except such as has been created by statute. The statute makes "any town, city, or village" liable to any person sustaining damage "by reason of the insufficiency or want of repairs of any bridge, sluiceway, or road" therein. S. & B. Ann. Stats. sec. 1339. The statute also provides, in effect, that whenever any injury shall happen to any person or property in any city or municipal corporation or town by reason of any defect in any highway, street, alley, or public ground, or for any other cause for which such city or municipal corporation or town would be liable, and such defect, incumbrance, or other cause of such injury shall be caused by, arise from, or be produced by, the wrong, default, or

negligence of any person, such person so guilty of such wrong, default, or negligence shall be primarily liable for all damages arising from such injury. Sec. 1339b (Laws of 1889, ch. 471, sec. 1). This section does not undertake to create a liability against the adjoining lot owner, but merely to authorize an action against both the town, city, or village and the person whose wrong, default, or negligence caused the defect, incumbrance, or other cause of such injury. Whenever, therefore, as in the case at bar, the defect complained of was not caused nor produced by nor arose from the wrong, default, or negligence of the adjoining lot owner, then it does not undertake to make him primarily liable, nor authorize a joint action against him and the village. It may be that the section is sufficiently comprehensive to include an incumbrance or other cause of injury of such a nature as to be a nuisance and hence to create a liability against the author of the same and in favor of the injured party at common law, as well as a mere defect for which some other statute has given to the injured party a right of action against the adjoining lot owner. However this may be, we are convinced that it gives no new right of action, but merely regulates the remedy for rights of action otherwise created.

The view we have taken of the statute makes it unnecessary to determine whether, in a case where such primary liability exists against such lot owner or other person, the court can force the plaintiff to make him a defendant, or allow him to take his chances of being defeated on the trial for want of necessary parties.

It follows from what has been said that the cause was properly on the calendar, and the plaintiff had the right to have it tried. The order striking it from the calendar affected a substantial right of the plaintiff, and in effect determined the action and prevented a judgment from which an appeal might have been taken, and is therefore appeal-

able. Sec. 3069, R. S. To hold that such order is not appealable would be in effect holding that the court may for all time prevent the plaintiff from enforcing a trial. It is unlike an order refusing to strike a cause from the calendar, or striking it from the calendar for want of notice or a sufficient notice. *McLeod v. Bertschy*, 30 Wis. 324; *Noble v. Strachan*, 32 Wis. 314; *Lee v. Buckheit*, 49 Wis. 54; *Delaney v. Schuette*, 49 Wis. 366.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.