Toutloff vs. The City of Green Bay.

TOUTLOFF, Respondent, vs. THE CITY OF GREEN BAY, Appellant.

*November 11 — November 26, 1895.*

*Municipal corporations: Injuries from defective sidewalk: Liability of lot owner: Charter construed.*

Under the city charter of Green Bay (ch. 169, Laws of 1882) — giving the city full authority to control, regulate, and repair sidewalks; providing that the expense of keeping them in repair shall be chargeable to the abutting lots; expressly enjoining and imposing upon all owners or occupants of lots the duty of keeping the adjacent sidewalk in safe condition and good repair; requiring the street superintendent to inspect all sidewalks frequently, and to make or order all necessary repairs at the expense of the lot owners; and providing that all the work shall be done under the supervision of the street superintendent — a lot owner is not liable to a passer-by for injuries resulting from mere lack of repair in the adjacent sidewalk.

APPEAL from an order of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

The action was brought to recover damages for injuries suffered by a fall upon a defective sidewalk, upon one of the streets of the defendant' city, in front of the lot of one Froncee. The sidewalk was charged to have become out of repair. Froncee was named as a codefendant in the summons and complaint, but was never served. The defendant city, by answer, alleged that Froncee, the owner, and one Schroeder, the occupant, of the lot aforesaid, were charged with the duty of keeping the sidewalk in question in repair, and were primarily liable for the plaintiff's injury, if she was injured; and, upon the answer and an affidavit showing such ownership and occupancy, moved for a stay of proceedings until said Froncee and Schroeder should be made parties to the action and served with process. The motion was denied, and the city appealed.

For the appellant there was a brief signed by *Carlton Merrill*, city attorney, and *Ellis & Merrill*, counsel, and oral argument by *E. H. Ellis*.

For the respondent there was a brief by *Cady & Huntington*, and oral argument by *F. C. Cady*.

WINSLOW, J. The question presented in this case is whether, under the charter of the city of *Green Bay*, the owner of a lot in that city is liable to a passer-by for injuries resulting from a fall occasioned by a defective and worn-out sidewalk in front of such lot. The question is whether the lot owner is liable for mere failure to repair, not whether he is liable for active negligence in placing an obstruction or making an excavation in the street or sidewalk. Therefore, the cases which have been decided in this court, sustaining the liability of lot owners or others for injuries caused by obstructions or excavations made by them in the streets, can have little or no application here. Such are the cases of *McFarlane v. Milwaukee*, 51 Wis. 691; *Raymond v. Sheboygan*, 70 Wis. 318; *Papworth v. Milwaukee*, 64 Wis. 389; *Kollock v.*

*Madison*, 84 Wis. 458. The liability in these cases is founded upon acts of affirmative negligence, and is a common-law liability, existing independent of any statute. There is no common-law liability here, because it is settled in this state that it is not the duty of the lot owner, at common law, to keep the street or sidewalk in repair. *Cooper v. Waterloo*, 88 Wis. 433. If there be any liability, therefore, in this case, it must be by reason of some statute.

It has been recently decided that sec. 1339*b*, S. & B. Ann. Stats. (Laws of 1889, ch. 471, sec. 1), creates no new liability or right of action. It "merely regulates the remedy for rights of action otherwise created." *Cooper v. Waterloo*, *supra*. It is not claimed that there is any other general state law which creates a liability, but that it is created by the charter of the city of *Green Bay* (Laws of 1882, ch. 169). This contention necessitates a critical examination of that charter.

Starting with the general undoubted proposition that every city in the state is charged with the duty of keeping its streets and sidewalks in repair, and is responsible for negligence in discharge of that duty, we turn to the charter in question, and find very full authority given to the city to enable it to discharge this duty at the expense of the lot owners. By ch. IV it is given authority to control, regulate, repair, and clear streets and sidewalks. By ch. VI it is provided, in substance: First, that the paving of streets and the building and rebuilding of sidewalks shall be chargeable to the abutting lots; second, that the expense of keeping sidewalks and gutters in repair shall be chargeable to the abutting lots, "and the duty of always keeping the sidewalks on or adjacent to the lots and premises of any person in safe condition and good repair is hereby expressly enjoined and imposed upon all owners or occupants of said lots and premises;" third, that the street superintendent shall make frequent inspection of all sidewalks and pavements in

Toutloff vs. The City of Green Bay.

the city, and if he find a sidewalk out of repair, the expense
of repairing which shall not exceed $5, he shall immediately
repair it, and if repairs costing more than $5 are necessary,
he shall notify the lot owner to repair, and if it be not re-
paired by the lot owner within twenty-four hours he shall
make repairs himself, and in either event he shall make
report of the expense to the city clerk, who shall present
the bill to the lot owner for payment, and, if not paid, it
shall be levied as a special tax upon the lot, and collected
with other city taxes; fourth, that all the work shall be
done under the supervision of the street superintendent, un-
less the common council shall otherwise direct. These are
all the provisions bearing directly on repairs of existing side-
walks. New sidewalks are to be built upon order of the
council, and after the adoption of plans and specifications,
and the expense is made a charge by special assessment
against abutting lots. Their construction is also under the
supervision of the street superintendent.

Counsel for the city contend, and with force, that by these
charter provisions it is made the duty of the lot owner to
keep the sidewalk in repair, that this duty is imposed for
the benefit of every person who has occasion to use the walk,
and that failure to perform that duty is negligence for which
the passer-by who is injured thereby may have his action.
If the premises are correct, the conclusion follows. It was
early decided by this court that, where a law imposes a spe-
cific duty upon one person for the benefit of others, an action
will lie in favor of one for whose benefit the duty was im-
posed, in case of neglect to perform the duty and resulting
damage. *McCall v. Chamberlain*, 13 Wis. 637. This prin-
ciple was reaffirmed at the present term. *Smith v. Milwau-
kee B. & T. Exchange, ante,* p. 360. Therefore, when it is
provided in this charter that it shall be the duty of the lot
owner to keep the sidewalk in front of his premises in re-
pair, the question is whether this is a duty which is imposed

for the benefit of the passer-by, or for the benefit of the city in its corporate capacity.

In its terms, the clause in question seems very like the ordinance requiring the builder of a new building adjoining a street to roof the sidewalk, which was before this court in the *Smith Case*, last cited, and which was held to impose a duty for the benefit of the passer-by. We are convinced, however, that such is not the proper construction of the provision of the charter now before us, and shall briefly give our reasons. It has long been the policy of our law to place upon municipal corporations the responsibility of keeping the streets and sidewalks in safe condition for travel. It is, unquestionably, a wise policy, for it insures uniformity in plan and execution, and places the responsibility in the hands of a power amply able to sustain it, to employ all the agents that may be necessary to discharge its duty carefully and well, and to answer for any neglect of its duty. The citizen knows, and has the right to know, that if the public way is not safe and he is injured he has a certain remedy against the corporation whose duty it is to keep it safe. Thus he is fully and certainly protected. A separate liability to him on the part of the property owner, by whose lot he happens to be passing when he is injured, furnishes him no additional protection. He does not want it. In fact, he would rather not have it. It is an embarrassment rather than an advantage, especially under a law requiring the exhausting of the remedy against the lot owner before resorting to the city. On the other hand, it is a very distinct and substantial benefit to the city, in its corporate capacity, to be furnished with the means to carry out its duty of keeping the highways safe; and this, it seems to us, is the object of the provision under consideration. It is simply a declaration of the duty which the lot owner owes to the corporation, namely, the duty, under control and supervision of the corporation, either to make repairs or, at his option, to re-

imburse the city for the repairs which it has made adjoining his property. This seems very plain to us from the juxtaposition of the provision. It is combined with a provision making the lot chargeable with the expense of repairs, and in close connection with sections providing for the doing of the work by the city, and the collection of the expense by special assessment.

Again, the lot owner has no choice as to the kind of repairs. It is very evident that the kind of repairs to be made, and the material to be used, are under the control of the street superintendent. If a lot owner proceeds of his own motion to repair, the street superintendent may stop him, compel him to change or remove what he has done, and require him to repair differently. Surely, if the lot owner must repair of his own motion, and owes that duty to every passer-by, on pain of damages for injuries, he ought to know definitely what he is to do. He can hardly owe a definite duty when he has no means of knowing how to discharge it. As aptly said in the case of *Rochester v. Campbell,* 123 N. Y. 405, " It cannot be supposed that the legislature intended to impose an absolute duty to repair on an individual who could not exercise it except under the control of another." This last-mentioned case involves the question of the liability of the lot owner to the passer-by for injuries arising from a defective sidewalk. The charter provisions were the same in legal effect as here, and the conclusion reached is the same as that which we have reached, and is supported by a very able opinion with a wealth of authorities. To the same effect, also, is the case of *Taylor v. L. S. & M. S. R. Co.* 45 Mich. 74. The same rule was laid down, without discussion, in *Sommers v. Marshfield,* 90 Wis. 59.

We are aware that in *Hiner v. Fond du Lac,* 71 Wis. 74, a charter provision, similar to the provision in the present case, was construed as imposing on the lot owner an immediate duty to repair, without regard to the action of the city

authorities, and as creating a liability to a passer-by who was injured by the failure to repair. A similar intimation is to be found in the case of *Woodward v. Boscobel*, 84 Wis. 226. It is to be noted that in neither of these cases was the determination of this question strictly necessary to the decision of the case, and the charters' under consideration were substantially different from the one before us. Whether the differences are such as to make the cases clearly distinguishable from this case may be doubtful; and it is not necessary to determine that question now. After full and able argument of the important question here involved, we are unanimous in the opinion that; under such charter provisions as those before us, there is no liability on the part of the lot owner to the passer-by for injuries resulting from mere lack of repair of the adjacent sidewalk.

*By the Court.*— Order affirmed.