Dowling vs. Nuebling.

Dowling, Appellant, vs. Nuebling, Respondent.

*October 4— October 22, 1897.*

*Landlord's liability to tenant for defects in premises.*

In the absence of any allegation in the complaint or proof at the trial of any agreement on the part of a landlord, in the contract of leasing, to repair or to warrant against defects in the premises, the tenant cannot recover for a personal injury caused by a defect in the common stairway which existed at the time of the leasing, even though when notified of its existence the landlord promised to repair it, but neglected to do so.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

The case is sufficiently stated in the opinion.

*W. J. Turner*, for the appellant.

*Julius E. Roehr*, for the respondent.

CASSODAY, C. J.    It appears from the record that the defendant, being the owner of the dwelling house, two stories high with a basement, on the premises described, rented the upper portion of the house to the plaintiff October 4, 1895, together with a portion of the basement which could only be entered by her by means of a stairway from the outside of the house; that the plaintiff took possession of the rooms and the key to the basement, and continued to occupy such rooms and basement as such tenant until after January 21, 1896; that on the day last named, the plaintiff and her sister went from her residence, in the upper story of the house, to the ground, and down into the basement, by means of the stairway, and, upon her return from the basement, attempted to pass up the stairway, and while in the act of doing so, and being upon the upper step, the same did break and give way, by reason of its alleged defective condition, whereby she fell and was injured; and she brings this action to recover damages therefor.    The defendant, by way of answer, admits

the renting and the tenancy, but otherwise denies the allega-
tions of the complaint, and alleges, in effect, that, if the
plaintiff was injured as alleged, it was by reason of her own
carelessness.   At the close of the testimony on the part of
the plaintiff, the court granted a nonsuit, and from the judg-
ment entered thereon the plaintiff brings this appeal.

It is settled in this state that, "in the absence of any
secret defect, deceit, warranty, or agreement on the part of
the landlord to repair, he cannot be held liable to the tenant
or any one rightfully occupying under him for an injury
caused by the leased premises getting out of repair during
the term, unless it be by reason of his own wrongful act, or
failure to perform a known duty.   And this is so although
the premises are let to several tenants, and the injury is
caused by want of repair in a passageway used by them in
common."   *Cole v. McKey*, 66 Wis. 500.   So, it has been
held by this court that "the lessor of an hotel is not liable
for an injury to a guest caused by the fall of an awning
known to be unsafe, unless he was bound by the lease to
keep the awning in repair."   *Fellows v. Gilhuber*, 82 Wis.
639.

There is no allegation in the complaint, nor proof, of any
agreement on the part of the defendant to repair or warrant
against defects in the stairway in the contract of leasing.
The most that is alleged is to the effect that the stairs were
defective and out of repair at the time of leasing; that the
defendant's attention was afterwards called to the fact; and
that he promised to repair them.   And there is testimony
to the effect that, on Sunday after the plaintiff had taken
possession, the defendant informed the plaintiff that he had
some doors and the basement stairs and the water-closet to
fix; that about two weeks before Christmas, after the rent-
ing, the defendant told the plaintiff's brother that he was
going to fix up everything; that he never did fix the stairs;
that, from the time the plaintiff took possession down to the

time she was injured, the stairs kept getting worse. The evidence on the trial, as well as the allegations of the complaint, are insufficient to establish liability on the part of the defendant.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.