Schaefer vs. The City of Fond du Lac.

SCHAEFER, Respondent, vs. THE CITY OF FOND DU LAC, Appellant.

SAME, Appellant, vs. SAME, Respondent.

*March 28 — April 12, 1898.*

*Street railways: Liability for injury by defective track: Primary liability: Lessor's liability: City's liability:* Res adjudicata.

The street railway company in the defendant city so constructed and maintained its railway track on one of the streets of such city as to render such street defective and dangerous for public travel. While such condition existed, Elihu Colman, with knowledge of the facts, purchased the railway track and left the same in possession of the railway company under an option to purchase the property, but without any agreement binding the railway company to remedy the defective condition of the street. While such condition of things existed, the plaintiff, lawfully traveling on such street at the point of danger, without fault on his part, was injured by reason of such condition. Plaintiff thereafter gave due notice of his injury to the defendant city, and thereafter prosecuted an action against the railway company to judgment, for his damages. The company, pending the suit, notified the defendant herein of the action, in order that it might defend the same. After exhausting all legal remedies against such company, plaintiff sued the defendant city, setting up the proceedings in the first suit and the fact of failure to collect the damages from the railway company after exhausting all legal remedies to that end. In the second suit it was claimed that the defendant city was bound by the judgment in the first suit, as to the defective condition of the street, the happening of the accident, and the amount of damages. Defendant pleaded and insisted, among other things, that Elihu Colman was primarily liable for the damages, and that the exhaustion of all legal remedies against him was a condition precedent to the right of plaintiff to proceed against the defendant city. Plaintiff recovered judgment, but for a less sum than in the first suit, the court holding that Colman was not primarily liable and that defendant was not bound by the former proceedings. On appeals by both parties, *held:*

(1) That Colman, and the railway company as well, were primarily liable to plaintiff, and that the exhaustion of all legal remedies as to both was a condition precedent to the right of plaint-

Schaefer vs. The City of Fond du Lac.

iff to proceed against the city under the charter thereof, which provides that in such cases the city shall not be liable till all legal remedies shall have been exhausted to collect the damages from the person or corporation whose wrong or neglect produced or caused the defective condition of the street.

(2) That the right to recover of the city is a creature of the statute, hence the legislature may grant the right, take it away, or make the exercise of it contingent upon the performance of such conditions as in its wisdom may be deemed best, and without any warrant for holding that the law in that regard is unreasonable. Such legislation, being in derogation of the common law, should be construed most favorably to the public corporation, and not the claimant for damages.

(3) If property, when in such defective condition as to be dangerous to persons lawfully in the vicinity thereof, be purchased by a person with knowledge of the facts, who leases it to another, especially if the lease does not contain a clause requiring the lessee to remedy the defects, and a person so lawfully in the vicinity of such danger, but having no connection whatever with such lessee, be injured thereby, such lessor is liable to such injured party; he cannot escape liability from the mere fact of the lease to, or possession by, such other person.

(4) The doctrine that where a person against whom suit is brought to recover damages is entitled to indemnity from another in case of being compelled to pay such damages, such other is bound by the judgment against such person if he be notified of the pendency of the suit and has an opportunity to defend against the same, does not apply to the facts of this case. The judgment against the indemnitee in such a case is binding on the indemnitor, but if the latter be first sued the judgment in a subsequent suit by the same plaintiff against the indemnitee will not affect the plaintiff as to any question litigated in such first suit.

[Syllabus by MARSHALL, J.]

APPEALS from a judgment of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge. *Affirmed on plaintiff's appeal; reversed on that of the defendant.*

Action to recover compensation for personal injuries alleged to have been caused by a defective street in the city of *Fond du Lac.* The date of the injury was June 25, 1895. The defective character of the street grew out of the manner

in which the street-car track was originally constructed, and was maintained, in the street in question. The Fond du Lac Light, Power & Railway Company constructed the track, owned it till the 28th day of December, 1894, and operated the railway up to and inclusive of the time of the injury. Suit was first brought against the company, and such proceedings were had therein that all the facts requisite to a recovery were found in plaintiff's favor. The damages were assessed at $2,063.21. Judgment was entered accordingly, on which execution was duly issued and returned unsatisfied.

After the action was brought against the railway company, it notified the city of *Fond du Lac* of the pendency of the action in order that the city might defend the same. After the return of the execution as aforesaid, this suit was commenced. The complaint contained appropriate allegations to make a cause of action, including appropriate allegations to show that plaintiff had exhausted his legal remedy against the railway company, which was claimed to be the person primarily liable for the injury. The amount recovered in the first case was duly set forth in the complaint. The defendant answered, taking issue on the allegations in regard to the sufficiency of the street, the cause of the injury, and the amount of the damages. The answer also contained allegations to the effect that Elihu Colman was the owner of the road at the time of the accident, and a person primarily liable for the injury, and that no effort had been made to collect of him.

On the trial there was evidence tending to prove the allegations of the complaint in respect to the defective condition of the street, the injury, the damages, the action against the street railway company as the party primarily liable, and the amount recovered in such action. Proof was made also of the other allegations of the complaint, requisite to entitle plaintiff, *prima facie*, to recover. The evidence showed that plaintiff was endeavoring to drive his team across the track,

he standing on a high load of lumber; that he had a stake in a fixed position, where he could take hold of it to steady himself; that when his wagon struck the defects in the street he was suddenly jerked and compelled to take hold of the stake, which broke, and he was precipitated to the ground, causing the injuries complained of. The evidence tended to show that the defective condition of the street existed on the 28th day of December, 1894, and continuously thereafter up to the time of the accident; that on the day named the street railway track, as it lay in the street, and the road-bed, and some other property of the company, was duly conveyed by sheriff's deed to Elihu Colman, but that there was a verbal understanding between him and the street railway company that it was to have the property back upon complying with certain conditions of purchase; that it continued to operate the road after the sale to Colman, till after the happening of the injury to plaintiff, under an option to purchase the property; that the option was never accepted, and that Colman finally took up the track.

On the evidence the defendant moved the court for a verdict in its favor, which was denied, and the ruling duly excepted to. A special verdict was thereupon ordered on defendant's motion. The jury found that June 25, 1895, at the time the plaintiff was injured, Main street, where the injury occurred, was in an unsafe condition for travel; that plaintiff was thrown from his wagon and injured in consequence of such defective condition of the street; that the city had notice of such defective condition of the street for a sufficient length of time, by the exercise of reasonable care and diligence, to have discovered and remedied the defects; that the plaintiff was free from contributory negligence; that he was damaged to the extent of $800; that notice of the injury was given to the proper officers of the defendant as required by law. The jury also found, by order of the court, that the defective condition of the street

Schaefer vs. The City of Fond du Lac.

was not caused by, nor did it arise from, any wrong, default, or negligence of Elihu Colman.

Defendant's counsel moved the court to set the verdict aside and grant a new trial, which was denied. Plaintiff moved the court for judgment for the amount due upon the judgment in the first action, which was denied. Judgment was thereupon perfected for $800 and costs. Both parties appealed.

*Edward S. Bragg*, for the plaintiff.

*Edward W. Phelps*, attorney, and *Maurice McKenna*, of counsel, for the defendant.

MARSHALL, J. At the outset, the question of the liability of Elihu Colman is of paramount importance. It stands without question on the record that he was the owner of the street-car track at the time of the injury complained of, and had been such for several months prior thereto; that the defective condition of the street existed when he purchased the property; that he then knew of the facts; that the railway company occupied and used the property the same after such purchase as before, but pursuant to an option to buy it back, the particulars of which option were not testified to. The learned circuit judge decided as a matter of law, on such facts, that Colman was not liable for the injury to plaintiff, because the defects in the street were not caused by, nor did they arise from, or were they produced by, him. That reasoning hardly meets the facts of this case fully. ' It leaves out the element that Colman continued the defective condition of the street by allowing the railway company to hold under him without any covenant on its part to remedy such condition. With the added element, the decision has some support by some things said in *Fellows v. Gilhuber*, 82 Wis. 639, where the awning in front of an hotel was thrown down, partly through defects existing in one of the supporting posts, whereby a guest at the hotel, standing on the walk, was in-

jured, the hotel being in possession of a lessee, and the defect existing with knowledge of the landlord when the lease was made. It was held that the lessor was not liable, but the decision was put on the ground that there was an agreement in the lease which obligated the lessee to repair. Upon that theory the decision is in accord with much authority in this country and England, but it must be said there is much authority of a very respectable character against it. Whatever is said in the opinion, however, that may be read to support the proposition that the rule that a landlord who leases dangerous premises, knowing, or with means of knowledge, of such dangers, without any covenant to repair on the part of the lessee, is not liable to the tenant or sub-tenant holding under the first lessee, or any person having business connection with the property, under the tenant, injured by such dangers, applies to cases arising between the landlord and a mere stranger lawfully in the vicinity thereof, and injured thereby, must be considered as *obiter* and the decision read as applying only to the facts of the particular case.

The law is firmly established by the great weight of authority, that, as between the owner of leased property and a mere stranger, the owner is liable for an injury to the latter, caused by a dangerous defect in the property existing at the time of the lease, unless protected by a covenant binding the lessee to remedy such defects; and there is much authority that he is liable anyway, that is, that he cannot shift the liability for known existing dangers onto the lessee by a covenant to repair. But there is no necessity for discussing the conflict in that regard, in this case, for there is nothing in the record to indicate that the railway company was under any obligation to Colman to repair the defects in the street caused by the railway track. So far as appears from the evidence, the company continued in possession of the property without any agreement other than a mere option to purchase.

Schaefer vs. The City of Fond du Lac.

Authorities which apply to the facts unfavorably to plaintiff are very numerous, and without substantial conflict. We will cite but a few of them. In *Conhocton Stone Road v. B., N. Y. & E. R. Co.* 51 N. Y. 573, defendant demised premises, in a dangerous condition, and was held not liable *for want of notice of the defects at the time of the demise, or thereafter, prior to the injury.* In *Ahern v. Steele,* 115 N. Y. 203, defendants became the owners of a defective pier, subject to an outstanding lease which contained no covenant to repair. The defects antedated the lease. They were created and existed before the property came to the defendants. The court held that defendants were not liable for the injury caused by such defects, though solely *on the ground of want of notice.* To the same effect are *Irvine v. Wood,* 51 N. Y. 224, and *Swords v. Edgar,* 59 N. Y. 28. In *Albert v. State,* 66 Md. 325, the following instruction given in the trial court was approved, the action being to recover damages sustained by a minor through the death of his parents, caused by a defective wharf occupied by the defendant's tenant: "If the jury find that the defendant was the owner of the wharf, and that he rented it out to the tenant, and at the time of the renting the wharf was unsafe, and that the defendant knew, or by the exercise of reasonable diligence could have known, of its unsafe condition, then the plaintiff is entitled to recover." To the same effect are *Knauss v. Brua,* 107 Pa. St. 85; *Cunningham v. Cambridge Sav. Bank,* 138 Mass. 480; *Dalay v. Savage,* 145 Mass. 38; *Nugent v. B., C. & M. R. Co.* 80 Me. 62.

The rule appears to be very firmly established as above indicated, that under circumstances such as mentioned in the foregoing authorities, there being no covenant to repair or remedy defects on the part of the tenant, the liability of the owner for injuries thereby received turns on knowledge, or reasonable means of knowledge, of the existence of the defects on the part of such owner. Probably no case can be found that more nearly touches this at every point than

*Dalay v. Savage, supra.* There the defendant purchased premises abutting on a public way, having a defective coal hole in the sidewalk appurtenant to the premises, which caused the injury. Defendant had a right to the possession, but, instead of asserting it, left the person in possession who was there at the time of the purchase, as a tenant at will, without any agreement to repair the coal hole. It was held that the defendant was liable.

Further citations appear to be unnecessary. The rule on which they proceed is quite elementary, and may be stated thus: If a person purchases premises which are in a defective condition, with knowledge, or reasonable means of knowledge, of the defects, and then leases the same to another, or allows such other to hold possession of such premises under such conditions as to indicate permission to continue the defects, and a third person having no connection with such other, without fault on his part, is injured by reason of such defects while rightfully in the vicinity of the danger, such purchaser is liable to respond in damages to such third person for such injury.

Applying the foregoing to this case, it must be held that Colman, by reason of his ownership of the property and knowledge of its dangerous condition when he purchased it and up to the time of the injury complained of, was liable to the plaintiff. His allowing the railway company to remain in possession, especially without any agreement on its part to repair the street, did not operate to relieve him from responsibility. As said in *Dalay v. Savage,* 145 Mass. 38, that the railway company was also liable, is no defense for Colman, who held the title and was the actual owner of the property.

There is nothing in the foregoing inconsistent with what was decided in *Fellows v. Gilhuber,* 82 Wis. 639, or *Dowling v. Nuebling,* 97 Wis. 350. In the latter case the contest was between the landlord and his tenant.

What has preceded leads to a consideration of whether

Colman was a party "*primarily liable*" within the meaning of the charter of the defendant city, which provides that, "in case of injury or damage by reason of insufficient, defective or dangerous conditions of streets, not included in sidewalks, produced or caused by the wrong, neglect of duty, default, or negligence of any person or corporation, such person or corporation shall be primarily liable for damages for such injury in a suit for the recovery thereof by the person sustaining such damages, and the city shall not be liable therefor until all legal remedies shall have been exhausted to collect such damages from such person or corporation." The words "primarily liable" have a very definite and certain meaning. The section in which they are used does not create the liability, nor is there any statute liability on the subject. *Toutloff v. Green Bay,* 91 Wis. 490; *Cooper v. Waterloo,* 88 Wis. 433. They refer to the common-law liability that exists against the wrongdoer and renders him liable to the injured person, and over to the city in case of a recovery against it on the statutory liability, hence the words obviously include all persons liable at common law for the wrong. They would include persons made liable by statute as well, if any such existed.

It is argued that such construction of the statute throws much embarrassment in the way of recovering from municipal corporations in such cases as this, because it requires great caution in order to bring into the first controversy all persons liable for the injury, other than the city, who are so circumstanced as to be liable to indemnify it. That is hardly a sufficient reason for adopting a different construction, even if the language were of doubtful meaning. There is no liability on the part of the municipal corporation at all, independent of the statute. The law creating the right, being in derogation of the common law, is to be strictly construed in favor of the public corporation, not in favor of the claimant for damages. The section under consideration,

Schaefer vs. The City of Fond du Lac.

while it regulates the remedy, bears on the right as well, hence comes within the rule stated. Taken in connection with the statute creating the municipal liability, it makes that contingent on a previous exhaustion of all legal remedies against the persons or corporations whose wrong, neglect of duty, default, or negligence produced or caused the defective condition of the street. It is wholly in the power of the legislature to give the right or take it away, or make it contingent on the performance of such conditions precedent as in the wisdom of legislative power seems best, and without any ground for contending that the legislation in that regard is unreasonable.

It follows from the preceding, on the undisputed evidence in the case, that plaintiff ought not to have recovered, because of failure to prove performance of the condition precedent, requiring plaintiff to exhaust all legal remedies against the persons primarily liable, before proceeding against the city. The condition was properly pleaded and insisted upon at the trial.

It is contended that the verdict was contrary to the evidence on that subject of contributory negligence. Any discussion of that appears to be unnecessary. Suffice it to say, however, that a consideration of the evidence preserved in the record leads to the conclusion that the question was properly submitted to the jury.

It is further contended on plaintiff's appeal, that the court erred in not limiting the defendant, in making its defense, on the theory that the recovery against the railway company was conclusive on the city as to the injury, the cause of it, the amount of damages, and notice to the city. That was pressed on the attention of this court with much earnestness and learning by the eminent counsel who argued the plaintiff's side of the case, and many authorities were cited in support of the position, all of which have been carefully considered, and none of which, in our judgment, fits the facts

before us.   The doctrine that where a person is responsible
over to another who is sued, either by operation of law or
express contract, and such person is duly notified of the pend-
ency of the suit and requested to take upon himself the de-
fense of it, the judgment is conclusive against him whether
he appears or not, is quite familiar.   That is the doctrine
which the learned counsel invoked to sustain his contention
that the judgment against the railway company is binding
on the defendant city.   In *Boston v. Worthington*, 10 Gray,
496, recovery was first had of the plaintiff by the injured
party; then such party sued the defendants for indemnity,
they having created the danger which caused the injury.
They were given notice and opportunity to defend in the
first case, but declined to do so.   The court held that they
were bound by the judgment in such first case.   In *Littleton
v. Richardson*, 34 N. H. 179, plaintiff town was sued by a
person who was injured by obstructions placed in the high-
way by another.   Such other had an opportunity to defend.
Recovery was had of the city, whereupon it sued such other
for indemnity for the loss.   There was the same situation
in *Port Jervis v. First Nat. Bank*, 96 N. Y. 550; *Lowell v.
B. & L. R. Corp.* 23 Pick. 24; *Robbins v. Chicago*, 4 Wall.
657, and several other cases cited by counsel, and many more
that might be added, in all of which it was held that the
judgment in the first case was conclusive against the defend-
ant in the second.   It is clear that to make the doctrine un-
der discussion apply the person first sued must have a right
of action over against another for indemnity in case of loss.
The conclusive character of the first judgment is only where
the person first sued, himself becomes a plaintiff against the
indemnitor, to recover over for the loss sustained by being
compelled to pay in the first case.   Here we are asked to
apply it, not in favor of the indemnitee who has paid the
loss, against the indemnitor, but against the indemnitee in
favor of a person who had a right of action against both the

indemnitor and the indemnitee. No precedent for that, we may safely venture to say, can be found in the books. Certainly, none was cited by counsel.

The result of the foregoing is that the trial court rightly held that the defendant was not concluded on any question in respect to its liability, by the judgment in the action against the railway company, and erred in deciding that Colman was not a party primarily liable within the meaning of the city charter. Therefore both appeals must be decided in favor of the defendant, and the judgment reversed accordingly and the cause remanded for a new trial.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.