Forkenbridge, Respondent, vs. Excelsior Mutual Build-
ing & Loan Association, Appellant.

*February 11—March 10, 1942.*

*Max J. Leutermann* of Milwaukee, for the appellant.
*N. F. Lucas* of Milwaukee, for the respondent.

FOWLER, J.   The action was brought in the civil court of Milwaukee county by a tenant from month to month against his landlord to recover damages for injury to his furniture caused by water coming during a severe rainstorm through the ceiling of his apartment.   The civil court awarded judgment to the plaintiff for $70.50 damages and $20.10 costs. The defendant appealed to the circuit court and that court on review of the record returned affirmed the judgment and entered its own judgment for recovery of the amount of the civil court judgment, interest thereon, and circuit court costs, in all aggregating $109.97.   From this judgment the defendant appeals to this court.   There is no complaint as to the amount of the damages awarded.   The appellant contends that it is not responsible for the injuries involved because, as matter of law, the duty to keep the apartment in repair devolved upon the tenant.

The plaintiff's apartment was under the roof of a two-story building.   The complaint alleges that the water reached the ceiling of the apartment through the roof of the building; that the roof was in ill-repair; that upon his previously complain-

ing of water leaking through the ceiling of his apartment the landlord promised the tenant to repair the roof, but failed adequately to repair it, and that the instant injuries resulted because the landlord *"negligently and carelessly* permitted the roof on the apartment building . . . to remain in such a bad state of repair that it would not keep out the water from leaking through and going into the premises of the plaintiff when it rained."

The civil court judge, before whom the case was tried, made no findings, and made no statement of the grounds of his decision, but as the case was one cognizable by a justice of the peace, so doing was not required. The circuit judge who reviewed the record carefully considered the evidence returned and from it concluded that the trial court had properly decided the case. He filed a written decision from which it appears that plaintiff had occupied his apartment under lease from the defendant from month to month for several years. During this period the defendant made all necessary repairs, and the plaintiff made none. Several weeks prior to the injuries instantly involved, plaintiff complained several times to defendant's agent that water leaked into his apartment through the ceiling. The plaintiff claims that the agent of the defendant promised to repair the roof. The defendant denies that he so promised, but admits that because of plaintiff's complaints and the continuance of the leaking after frequent patchings, in order to "save" its "building, doors, ceilings and so forth" it procured a roofer to repair the whole roof. The roof itself was flat with a slight slope, and was retarred so as to prevent the leakage directly through it, but a stonework "parapet" extended above the outside of the flat roof. The mortar in this parapet was "rotten." The defendant claimed that wind accompanied the rainstorm involved, and drove the rain through the rotten mortar, whence it fell and followed the joists holding up the ceiling and saturated the ceiling and caused the instant damage.

The circuit court was of the view that the defendant undertook to stop the leaks of which the plaintiff complained; that when it did so it was bound to do so in a competent manner; and became liable to the plaintiff for injuries resulting to him from its failure to do so. The court was also of the view that the "parapet" was a part of the roof under the dictionary definition that a "parapet" is a "low wall about the edge of a roof," and that in undertaking the repair of the roof the defendant undertook to repair the parapet as part of it if it required repair.

The defendant relies entirely on the legal proposition that under the lease involved the landlord was under no obligation to make repairs. Such no doubt is the general rule. *Cole v. McKey,* 66 Wis. 500, 29 N. W. 279; *Dowling v. Nuebling,* 97 Wis. 350, 72 N. W. 871; *Fellows v. Gilhuber,* 82 Wis. 639, 52 N. W. 307. The plaintiff contends however that the instant case is not within that rule because where a landlord at the request of a tenant undertakes to make repairs which his lease does not require him to make, he is bound to make them with ordinary care and skill and is liable for injuries resulting to the tenant from his failure so to make them. Such is undoubtedly the rule. *Wertheimer v. Saunders,* 95 Wis. 573, 70 N. W. 824; *Skrzypczak v. Konieczka,* 224 Wis. 455, 272 N. W. 659. The court considered that what the defendant undertook to do was to make such repairs as would prevent the leakage of which the plaintiff complained; that this required it to take ordinary care not only to repair the flat portion of the roof, but to use ordinary diligence to ascertain the source of the leakage complained of; that had it used such diligence the source of the leakage would have been discovered and the repairs to the parapet made subsequently would have also been made and the injury to the plaintiff would have been prevented. We consider that this conclusion is correct, although the parapet were not considered technically a part of the roof. But we also consider that under

the testimony that the only function of the instant parapet was to protect persons on the roof from falling off the roof, and the dictionary definition, the conclusion of the court that the parapet was a part of the roof was correct, and that repair of the roof included repair of the parapet if necessary to prevent the leakage involved.

The defendant contends that its demurrer *ore tenus* should have been sustained because the complaint was based on an alleged promise of the defendant to repair the roof. As to that the trial court would have been justified in finding that such specific promise was made, and the case being a justice of the peace case, in which findings are not required, the circuit court could have assumed that it was made if such specific promise were necessary to support the judgment, and could have sustained the judgment on that ground. But the allegations respecting negligence in the complaint first above quoted are sufficient especially as a justice court pleading to raise that issue, independent of a specific promise, and warranted overruling the demurrer. When there has been a full trial and competent evidence is received without objection that establishes facts constituting a cause of action, judgment will be entered as the facts warrant and the complaint will be amended or considered amended as to allege those facts, and the judgment will be sustained. *Duffy v. Scott,* 235 Wis. 142, 292 N. W. 273.

The judgment of the circuit court is affirmed, but as the respondent's brief contains no synopsis as required by Supreme Court Rule 9, no costs will be allowed for printing of the brief.

*By the Court.*—The judgment of the circuit court is affirmed, but without costs to respondent for printing of brief.