ANDERSON, Respondent, vs. HAYES, Appellant.
TURNQUIST, Respondent, vs. HAYES, Appellant.

*December 17, 1898 — January 10, 1899.*

*Lessor's liability for injuries caused by defects in leased premises:*
*Pleading.*

1. The lessor of a factory, who knew of a concealed and dangerous defect in the clamp fastening the cable of an elevator therein intended for use in hoisting employees and materials to an upper story, and did not disclose the same to the lessee, by whom such defect was not known nor discoverable by a reasonably careful examination of the premises, is liable for an injury to an employee of the lessee resulting from such defect.

2. In a complaint for an injury caused by the fall of an elevator upon which the plaintiff was riding, by reason of a concealed defect in the fastening of the cable, an allegation that such elevator would not sustain the weight which was ordinarily and usually placed upon it, but would drop to the ground, and was therefore a nuisance, is not to be construed as meaning that it would fall whenever it was used, which would charge all who used it with knowledge of the defect, especially when it is alleged that the plaintiff had no knowledge thereof or of the danger involved in its use; but it simply means that such elevator was liable to fall at any time in the course of the ordinary and necessary use thereof.

APPEALS from orders of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

These actions are actions for personal injuries, the complaints being identical. General demurrers to each complaint were overruled, and the defendant appeals.

The complaint in each case charges that in 1896 the defendant erected an iron-manufacturing shop in the city of Superior, equipped with the necessary machinery, including a cupola or furnace room, an elevator, and the necessary appliances therefor, the elevator being intended to be used in connection with the furnace for the purpose of carrying ore and employees to the second floor of the building, and that it was necessary in order to operate said furnace that

Anderson vs. Hayes.   Turnquist vs. Same.

the elevator be so used.   That about December 26, 1896, the defendant leased the premises to one Frank Hayes for one year to be used as a foundry and machine shop, and that Frank Hayes thereupon went into possession and operation of said furnace and elevator and continued so in possession thereof until after the injuries of the plaintiffs hereinafter set forth.

"That defendant was grossly careless and negligent in the construction and erection of said elevator, and in equipping, adjusting, and putting the same in position for use, and he did carelessly and negligently furnish and supply therefor and equip the same with a clamp which was not adapted for said purpose, and with a steel cable which was to be used for the purpose of holding and hoisting the same, which cable the defendant did negligently, carelessly, and defectively connect therewith by means of and through an eye or loop on top of said elevator frame, and then brought up back against the same, and there attempt to fasten the same to the cable above the said eye or loop by means of an iron clamp.   That said clamp was provided with two grooves through its inside, in which said cable was laid.   That the end of said cable was then brought back against said cable, above said eye or loop, and said clamp brought together and bolted fast.   That the grooves therein were too large for said cable, and did not secure or hold the same, but permitted it to slip through the said grooves and become detached in the ordinary and usual course of the operation of said elevator.   That by reason thereof the same was defective and dangerous, and would not sustain the weight which necessarily, ordinarily, and usually would be placed upon the said elevator, but would permit the said elevator to drop down onto the ground below.

"That by reason thereof the said elevator was at all times a nuisance, and imminently, necessarily, and highly dangerous to, and it did necessarily endanger, the life and limb of

all persons who might be in its vicinity, as well as all persons who might use, or be employed upon, or ride thereon; and the natural and inevitable consequence to all such persons was to expose them to great and imminent danger to life and limb.

"That defendant did at all times know of its said dangerous condition, and of the imminent danger to which all persons above stated who were engaged thereon or thereabouts would be exposed, and in the exercise of ordinary care and diligence he could have known thereof.

"Upon information and belief the plaintiff alleges that said Frank Hayes had no knowledge of the defective and dangerous condition of said elevator and its appliances and fastenings, nor of the actual condition and character thereof, and that said defects and the dangerous condition thereof were concealed, and could only have been known by the persons putting the same in position in said shop, or upon a subsequent particular inspection and examination thereof.

"That, notwithstanding this, the defendant did carelessly and negligently lease said premises, including the said furnace room and elevator, to said Frank Hayes, and permit him to use and operate it, as aforesaid, all of which the defendant did with the intention and for the purpose of having said Frank Hayes employ laborers thereon and thereabouts, in its active use, management, and control, as hereinbefore stated, but nevertheless the said defendant did carelessly and negligently fail and omit to inform the said lessee, or the plaintiff, of any of the said defects, or of any dangers to which such persons, in its use, operation, and management, or in and about which they would be employed, would thereby be exposed.

"That on March 16th, 1897, the plaintiff was in the employ of the said Frank Hayes, working for him for hire, as a laborer in and about the said furnace room and elevator, and thereupon he was required to do, and it became and

was his duty, in the regular scope of his employment, to take some material up in and by means of said elevator, and to ride therein up to the top of said cupola.

"That thereupon plaintiff did, in compliance with said order and his said duties, and within the scope of his employment, place himself and his said materials therein, and thereupon he proceeded with said elevator and its burden upwards, until it had attained a height of about fifteen feet, when, as the direct, natural, and proximate result of defendant's said negligence, wrong, and unlawful conduct, as above stated, the end of said cable slipped through said clamp, and said elevator and the load therein, including the plaintiff, fell to the ground below, a distance of about fifteen feet, and caused him the injuries herein complained of.

"That plaintiff was at all times in the exercise of proper and ordinary care and caution, and in the usual and ordinary use and operation of said elevator, and the same was at all times used in the manner and for the purposes as by the defendant intended, and for which he leased the same.

"That the aforesaid dangerous and defective condition of said elevator clamp, and the fastenings of said cable thereto and thereby, and the dangerous and insecure manner in which said cable was fastened by means of said clamp, existed at the time of said leasing in December, 1896, and did so continue until after the receipt of said injuries.

"That said injury might reasonably have been anticipated by the defendant as the natural and probable result under the ordinary circumstances of using said elevator.

"That plaintiff did not at any time, until after the receipt of said injuries, have any notice, knowledge, or information of any of the said defects, or of any of the dangers or risks connected with the use of said elevator, but he believed the same to be safe and suitable for said work, and he did not, either in whole or in part, cause or contribute to said injury."

The complaint further sets forth the injuries received by the plaintiff, and claims damages.

For the appellant there were briefs by *Ross, Dwyer & Hanitch* and *George B. Hudnall*, and oral argument by *W. D. Dwyer*. They argued, *inter alia*, that there was, in the general lease given in this case, no implied agreement or warranty that the premises are or shall be in any particular condition or state of repair, or that they are suitable for the purpose for which they were let. *Libby v. Tolford*, 48 Me. 316; *Dutton v. Gerrish*, 9 Cush. 89; *Tuttle v. George H. Gilbert Mfg. Co.* 145 Mass. 174–5; *Bowe v. Hunking*, 135 id. 380; *Jaffe v. Harteau*, 56 N. Y. 398, 401; *Naumberg v. Young*, 44 N. J. Law, 331, 43 Am. Rep. 380; *Harpel v. Fall*, 63 Minn. 520; *Robertson v. Amazon T. & L. Co.* 46 L. T. N. S. 146; *Hazlett v. Powell*, 30 Pa. St. 298. In the absence of any stipulation as to repairs, the lessee is bound to make them. *Long v. Fitzimmons*, 1 Watts & S. 530; *Lowell v. Spaulding*, 4 Cush. 277; 12 Am. & Eng. Ency. of Law, 721, 722. The lessor owes no more or other duty to his lessee's servants than to the lessee himself. In the absence of any warranty or fraudulent concealment of known defects or of an agreement to repair, the lessor is free from liability to the lessee and those whom he invites upon the premises, for defects which could have been discovered by reasonable inspection at the time of the hiring. *Cole v. McKey*, 66 Wis. 506; *Dowd v. C., M. & St. P. R. Co.* 84 id. 118; *Whitmore v. Orono P. & P. Co.* 91 Me. 297. The law imposes upon the tenant the risk of such defects in the demised premises as are visible upon inspection. *Booth v. Merriam*, 155 Mass. 521; *Moore v. Weber*, 71 Pa. St. 429; *McKenzie v. Cheetham*, 83 Me. 543; *Heath v. Metropolitan E. Co.* 58 Hun, 604; *Eyre v. Jordan*, 111 Mo. 424; *Akerley v. White*, 58 Hun, 362. The complaint does not charge any active deceit or attempt to prevent the lessee from learning the actual condition of the premises. *Felix v. Patrick*, 145 U. S. 317, 335; *Wood v. Carpenter*, 101

id. 135; *Cowen v. Sunderland,* 145 Mass. 363; *Coke v. Gut-kese,* 80 Ky. 598, 44 Am. Rep. 499; *Cesar v. Karutz,* 60 N. Y. 229; *Eaton v. Winnie,* 20 Mich. 156, 4 Am. Rep. 377; *Bruns-wick-B.-C. Co. v. Rees,* 69 Wis. 448. The lessor was under no implied duty to inform his lessee of defects. *Keates v. Earl of Cadogan,* 10 C. B. 591; *Fellows v. Gilhuber,* 82 Wis. 643; *Davidson v. Fischer,* 11 Colo. 583; *Blake v. Ranous,* 25 Ill. App. 486; *Coulson v. Whiting,* 14 Abb. N. C. 63. The employee must seek his redress from the person who employed him on the premises. *Burdick v. Cheadle,* 26 Ohio St. 393; *Moore v. Logan I. & S. Co.* (Pa.), 7 Atl. Rep. 198; Shearm. & Redf. Negligence (2d ed.), § 503.

For the respondents there were briefs by *O'Brien & Vaughn* and *Jno. Jenswold, Jr.,* and oral argument by *P. H. O'Brien.*

Winslow, J.   These are actions by the employees of a tenant against the landlord for injuries resulting, as it is claimed, from a concealed defect in the demised premises, known to the landlord, but not known by, nor disclosed to, the tenant, nor capable of being ascertained by the tenant, by a reasonably careful examination of the premises. The principle is well settled that a tenant takes leased premises. in the condition in which they happen to be when leased, and that the landlord is not liable to the tenant for injuries resulting from lack of repair unless he has contracted to repair, or unless the defect be a concealed one known to the landlord and not disclosed to the tenant and not discoverable by the use of that degree of care which the law demands; and it is equally well settled that an employee, servant, or subtenant of the tenant has no greater rights as against the landlord than the tenant himself. *Cole v. McKey,* 66 Wis. 500. The rule is thus stated in *Cowen v. Sunderland,* 145 Mass. 363: "Where there are concealed defects attended with danger to the occupant, and which a careful examina-

tion would not discover, known to the lessor, the latter is bound to reveal them in order that the lessee may guard against them.   While the failure to reveal such facts may not be actual fraud or misrepresentation, it is such negligence as may lay the foundation of an action against the lessor if injury occurs."   The rule is also recognized and stated in 2 Wood, Landlord & T. § 381, and numerous cases are there cited in its support.

We think the allegations of the present complaint bring the case within the rule.   The concealed defect was in the size of the grooves in the clamp which held the rope above the elevator.   It is alleged to have been known to the landlord and not disclosed to the tenant, nor discoverable by him save upon particular inspection and examination.   This we take to mean substantially taking the clamp off and examining the size of the groove, because it is evident that mere inspection from outside would not disclose the size of the groove, which was necessarily closed over the rope.   We do not think that the rules of reasonable care go so far as to require the taking apart of machinery provided for such a purpose.

It is argued that the allegation to the effect that the elevator would not sustain the weight which was *ordinarily and usually* placed upon it, but would drop to the ground, and was thereby a nuisance, must be construed as meaning that the elevator fell whenever it was used, and hence that all who used it must have known of the defect.   We do not regard this construction, however, as reasonable, especially in view of the fact that it is alleged that the plaintiffs had no knowledge of the defect in the elevator or of the dangers in its use.   The allegation evidently means that the elevator was liable to fall at any time in the course of the ordinary and necessary use thereof.

*By the Court.*— Orders affirmed.

BARDEEN, J., took no part.