CARTER, Respondent, vs. ROCKFORD & INTERURBAN RAILWAY
COMPANY, Appellant.

*September 16—October 3, 1911.*

*Interurban railways: Injury to passenger: Defective way to street:
Platform and steps built by others: Duty of company: Delega-
tion: When passenger ceases to be such.*

1. An interurban railway company is liable for injuries to a passen-
   ger caused by the defective condition of steps leading from a
   platform upon its right of way to the street, although such plat-
   form and steps were built and had been from time to time re-
   paired by other persons, where they were necessary to enable
   passengers to get to and from the street and were so used with
   the knowledge and acquiescence of the company.
2. Such a company is bound to keep in a reasonably safe condition
   all ways of ingress or egress which it maintains or suffers to be
   maintained to and from its station; and if a passenger using
   such a way is injured without negligence on his part it is no
   defense that another and safe way might have been used.
3. Such duty of the company cannot be delegated to others either
   specifically or by permitting them to make repairs.
4. A passenger does not cease to bear that relation to the company
   when he has alighted safely upon such a platform, being still
   upon the company's right of way and entitled to a reasonably
   safe passage from it to the traveled portion of the street.

APPEAL from a judgment of the circuit court for Rock
county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Action for personal injuries. Plaintiff was a passenger on
defendant's car and, after alighting therefrom, and while
walking down some steps leading from its right of way to a
public street in the city of Beloit, she was injured as a result
of the breaking of one of the steps. Defendant's roadbed was
elevated from three and one-half to four feet above the street.
About eight years previous to the time of the accident, with
the consent of the company, one Townsend had placed a plat-
form on the right of way, resting partly on the ties of the
roadbed and running out almost to the street line, and at-

tached the steps thereto. The top step was partly on the right of way and partly on the street. The remaining two or three treads of the steps were wholly in the street. Defendant had never made any repairs either on the platform or on the steps. But other parties, with its knowledge and consent, had from time to time repaired the steps. The platform was known as Everett's Landing, and cars stopped there regularly to take on or let off passengers. The only way to reach the street from the platform was by these steps, or by going down a steep bank. The accident occurred at 10 o'clock on the evening of June 13, 1909.

The jury found (1) that the defendant was guilty of negligence in failing, prior to the accident, to discover and repair the defective condition of the steps; (2) that such negligence of the defendant was the proximate cause of the injury; (3) that plaintiff was not guilty of any want of ordinary care that proximately contributed to produce the injury; and (4) that she sustained damages in the sum of $550. From a judgment entered upon the verdict the defendant appealed.

*Thos. S. Nolan,* for the appellant.

For the respondent there was a brief by *Woolsey & Arnold* and *Jeffris, Mouat, Oestreich & Avery,* and oral argument by *M. O. Mouat.* They argued, among other things, that the defendant, having regularly used the landing by stopping there to take on and discharge passengers, thereby adopted it and invited the public to use it, and was accordingly bound to maintain it in a reasonably safe condition. *Haselton v. Portsmouth, K. & Y. St. R. Co.* 71 N. H. 589, 53 Atl. 1016; *Powers v. Old Colony St. R. Co.* 201 Mass. 66, 87 N. E. 192; *Collins v. T., A. A. & N. M. R. Co.* 80 Mich. 390, 45 N. W. 178; *Delaware, L. & W. R. Co. v. Trautwein,* 52 N. J. Law, 169, 19 Atl. 178, 7 L. R. A. 435.

VINJE, J. Defendant seeks to escape liability on the ground that it was in no way responsible for the condition of

the steps, as it had neither built nor repaired them, nor assumed any control over them, and upon the further ground that plaintiff had ceased her relations with it as passenger when she had safely alighted upon the platform. Neither ground is well taken. In order to board a car at Everett's Landing it was necessary to pass from the street up on to the defendant's right of way. This could be done by using the steps or by going up the bank along a steep path. The steps were placed there for the convenience of patrons of the defendant's road and for no other purpose. The defendant permitted the use of its right of way for the platform and at least a portion of the steps. That the greater portion of the steps was in the street is of no consequence, for they were not put there for street purposes. The defendant received the beneficial use of both the steps and platform and practically adopted them as its own. They were necessary to enable passengers of the defendant to get to and from the street and were so used with the knowledge and acquiescence of the defendant. That being so, the fact that it had neglected its duty to repair them cannot discharge it from liability. It owed the duty to its patrons to see that a necessary, convenient, and accustomed passage of egress and ingress from and to its right of way, where it stopped to take on and let off passengers, to the street, was kept in a reasonably safe state of repair. This duty it could not delegate to others either specifically or by permitting them to make repairs. *Cotant v. Boone S. R. Co.* 125 Iowa, 46, 99 N. W. 115, 69 L. R. A. 982. The case falls within the well known principle of law that where one, though not strictly in the legal and exclusive possession of a place, yet uses it for his own benefit and impliedly invites his patrons to use it, he is charged with the duty to keep it in a reasonably safe state of repair. *Kuhlen v. B. & N. St. R. Co.* 193 Mass. 341, 79 N. E. 815, 7 L. R. A. N. S. 729. This has been held to be so, even though he has himself no legal right to enter upon the place and make re-

pairs. *Cotant v. Boone S. R. Co., supra.* The case of *Delaware, L. & W. R. Co. v. Trautwein,* 52 N. J. Law, 169, 19 Atl. 178, 7 L. R. A. 435, is very similar to the one at bar. There it appeared that the station at which the accident happened "was located upon an embankment elevated above the public road, which crosses the railroad under a bridge carrying the railroad over the public road. The company had a depot building for the reception of passengers on a level with the track on the north side of its track. At the west end of this building there were steps, for the accommodation of passengers, leading down to the public road. On the south side of the embankment there was a stairway, leading also to the public road, built by private persons residing in that neighborhood for their own convenience, and used by passengers as means of access to and from the station. The company did not construct or keep this stairway in repair. The stairway rested against the embankment of the railroad; it was on the company's grounds and led to the public street. From the depot building to the top of this stairway there was a gravel walk." On her way to the stairway plaintiff was injured, and the company was held liable. The court said:

"The passageway taken by the plaintiff led to the public street, and had every indication of having been provided for use by the public, as a way to and from the station. Under the charge of the court and the finding of the jury, it must be taken to be the fact that this way of passage was there by recognition, procurement, or consent of the company, and that by sufferance and use it had obtained such an appearance of a passageway passengers were invited to use, as that persons of reasonable judgment and discernment would conclude it to be a means of entrance and egress. It was of a passageway having these characteristics that the judge said that it was immaterial who built the stairway or who kept it in repair."

It was also held that it was immaterial that the company had provided another safe way to reach the station. So that case really goes further than it is necessary to go in this case.

For the evidence here shows that the path up the bank was steep, uneven, and not a proper one for heavy or elderly people to take either in going up or down.   But it is immaterial how many ways of ingress or egress a company maintains or suffers to be maintained to and from its station.   It is bound to keep each in a reasonably safe state of repair.   It cannot escape liability by saying it had another safe way if a defective one is also open to use and the injured person is guilty of no negligence in taking it.

From what has been said it follows that the defendant cannot escape liability on the ground that its relation with plaintiff as a passenger had ceased when she alighted safely upon the platform.   She was still upon the defendant's right of way and entitled to a reasonably safe passage from it to the traveled portion of the street.   The cases of *Creamer v. West End St. R. Co.* 156 Mass. 320, 31 N. E. 391, 16 L. R. A. 490, and *Smith v. City R. Co.* 29 Oreg. 539, 46 Pac. 136, 780, cited by the defendant to the effect that a street railway company is under no obligation to maintain a passageway from its stopping places in the street to the sidewalk, obviously do not apply to the facts in this case.   Each finding of the jury is sustained by the evidence, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.

BARNES, J., took no part.