SMITH, Respondent, vs. LEDERER, Appellant, and another, Respondent.

*March 20—June 17, 1914.*

*Landlord and tenant: Negligence: Defective elevator: Injury to invitee: Duty and liability of tenant: Master and servant: Casual service: Appeal: Disposition of case.*

1. Where one of several tenants of a building employed plaintiff to perform a casual service, impliedly inviting him to use in performing it the elevator furnished by the landlord for the common use of all of said tenants, the relation of master and servant did not exist between such tenant and the plaintiff in respect to the elevator, nor the relation of carrier and passenger, but that of invitor and invitee, and the duty which the tenant owed to plaintiff was that of ordinary care only.

2. Where, in such case, the landlord had agreed or assumed to keep the elevator in repair, ordinary care on the part of the tenant

toward his invitee did not include the duty to make an expert examination of the machinery for the purpose of discovering defects therein, but he might rely on the obligation of the landlord to perform that duty in the absence of a known breach of such obligation or notice of facts sufficient to put him upon inquiry.

3. Where such tenant, shortly before the injury complained of, notified the landlord that the elevator was out of repair, and the latter sent a man to repair it, and afterward the tenant's agent looked for and found evidences that repairs had been made, operated it, and from the manner in which it worked concluded that suitable repairs had been made, the tenant was not liable for an injury suffered by plaintiff in the use of such elevator by reason of the insufficiency of such repairs.

4. Ordinary care would require the tenant to warn his casual employee of any danger of which he knew, or ought to have known, but the duty to keep the elevator in a reasonably safe condition did not rest upon him.

5. In an action against L. and D. for personal injuries, the special verdict exonerated L. but found D. guilty of negligence. Because of a supposed error in the charge respecting the liability of L., an order granting a new trial was made upon plaintiff's motion and also, in form, upon the motion of D., but in fact all questions raised by D. were decided against him. Upon an appeal by L., D. appeared as a respondent. It appearing that the charge was correct, the order for a new trial is reversed and judgment on the verdict directed in favor of L. against plaintiff and in favor of plaintiff against D.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Reversed.*

Action for a personal injury. The evidence, as to the issues raised by the pleadings, is to this effect: Plaintiff, a drayman, was employed by defendant *Lederer* to convey a load of wall paper, from the latter's store room on the third floor of a building, to his retail place, a short distance away. The building was possessed by the Acme Ground Rent Company, of which defendant *John DeWolf* was president. *Lederer* was a tenant as to the store room. *DeWolf,* in general, looked after the building. There were several tenants therein, each having a particular part thereof. It was equipped with a hand elevator which the tenants were permitted to use

at their convenience. The elevator was furnished by the Acme Ground Rent Company as landlord, no one of the tenants having anything to do with keeping it in repair. Each who used the elevator was his own operator. It was used by such persons as the tenants respectively employed to perform services for them. In each case the person so invited operated the elevator. On the occasion in question, plaintiff, as was customary, operated the elevator in conveying paper from the store room to the ground floor. A regular employee of *Lederer* assisted plaintiff. *DeWolf,* as president of his company, employed one Wilke as superintendent. His duty required him to look after the particular and other buildings owned by the corporation and let to tenants. It included looking after repair of buildings, hiring and supervising subordinate employees in and about the same. While plaintiff was engaged in placing paper on the elevator platform at the third floor, it fell, carrying him down and seriously injuring him. The accident was caused by such loosening of the key which fastened the elevator drum to the drum shaft, that it was wholly inefficient for that purpose, allowing the cable to which the elevator platform was attached to unwind and the car to drop. The drum was located in and above the ceiling over the third floor and so environed that inspection thereof required one in doing that to climb over the elevator frame and into the vicinity of the operating machinery. Defendant *Lederer's* employee notified *DeWolf's* office some time before the accident that the appliance was out of order. A short time thereafter *DeWolf* caused some repairs to be made. The machine then operated properly. Between that time and the accident several days elapsed during which the appliance was often used without disclosing any defect and without *Lederer* having any notice that it was not safe, or any way of discovering the true situation, except by climbing up to the drum and making an expert inspection. Neither he nor any of his employees did that, nor any one else to his

knowledge. None of the tenants assumed any such duty. They depended on the landlord to keep the appliance in proper condition. The day before the accident the elevator was subjected to a pretty severe strain by moving a drill press weighing 1,000 pounds or more, but *Lederer* had no notice thereof before the accident.

The jury found, among other things, as follows: The proximate cause of the injury was a defect in the elevator drum. *DeWolf*, as president of his company, took the responsibility of keeping the elevator in repair. The defect which caused the accident was discoverable by the exercise of ordinary care in time to have remedied it before the accident. *DeWolf* had notice that the elevator was out of repair a short time before the accident and after the defect in the drum had developed so as to be discoverable by the exercise of ordinary care. He caused repairs to be made, but not so as to remedy the particular defect. There was no understanding with *Lederer* that he should repair the elevator. Plaintiff did not contribute to his injury by any want of ordinary care. *Lederer's* request of plaintiff to move the paper implied an invitation to use the elevator. Plaintiff was damaged to the extent of $5,000. In addition there were these two questions and answers: "Ought the defendant *Lederer*, in the exercise of ordinary care, to have discovered the defect in time to have remedied the same before the accident? *A.* No." "Was the failure of defendant *Lederer* to discover and remedy said defect a proximate cause of the injury to plaintiff? *A.* No."

Plaintiff moved the court for judgment against both defendants and for such changes in the findings as to warrant the same, and as an alternative moved for a new trial. Counsel for *Lederer* moved for judgment in his favor. Counsel for *DeWolf* moved for judgment notwithstanding the verdict, and in the alternative for a new trial. All motions were denied except those, on behalf of *DeWolf* and on

the part of plaintiff, for a vacation of the verdict and for a new trial, which were granted for a supposed prejudicial error in giving the following instruction respecting the question as to *Lederer's* responsibility:

"In answering question 9 you are instructed that if you find that as between the defendant *Lederer* and the defendant *DeWolf, DeWolf,* as agent of the landlord, undertook and assumed the responsibility of keeping the elevator in proper repair, this undertaking included on his part the duty of making proper inspection from time to time to see that it was not out of repair, and the defendant *Lederer* had the right to assume that this duty was being performed by *Mr. DeWolf,* unless the contrary appeared without particular or technical inspection in the absence of obvious defects or knowledge of some fact or circumstance actually or constructively brought home to him, which would ordinarily put an ordinarily careful person on such inquiry as to lead to knowledge of a contrary condition existing."

In granting the new trial the court explained that, though plaintiff was a mere licensee of *Lederer,* the latter owed to the former an active duty to see that the elevator was in proper order,—a degree of care not satisfied by a mere casual inspection after the repair by *DeWolf.*

The appeal is by *Lederer* from the order denying him judgment on the verdict and the order granting a new trial.

A brief on behalf of *DeWolf* was filed. In that he appeared as a corespondent with plaintiff.

For the appellant there was a brief by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *F. L. McNamara.* They argued, among other things, that when the defendant *DeWolf* undertook to maintain the elevator in repair the law imposed upon him the duty to use ordinary care to make all necessary repairs. *Wertheimer v. Saunders,* 95 Wis. 573, 70 N. W. 824; *Barron v. Liedloff,* 95 Minn. 474, 104 N. W. 289; *Good v. Von Hemert,* 114 Minn. 393, 131 N. W. 466; *Carlon v. City Sav. Bank,* 85 Neb. 659, 124 N. W.

91; *Gill v. Middleton,* 105 Mass. 477, 7 Am. Rep. 548; *Myhre v. Schleuder,* 98 Minn. 234, 108 N. W. 276; 18 Am. & Eng. Ency. of Law (2d ed.) 239; 34 L. R. A. N. s. 806, note; *La Pray v. Lavoris C. Co.* 117 Minn. 152, 134 N. W. 313; *Baker v. Moeller,* 52 Wash. 605, 101 Pac. 231; *Grant v. Tomlinson,* 138 Mo. App. 222, 119 S. W. 1079; *Nash v. Webber,* 204 Mass. 419, 90 N. E. 872. The defendant *Lederer* had the right to assume that *DeWolf* had performed his duty, and was not required to make a technical inspection. *Gager v. Stolle-Barndt L. Co.* 149 Wis. 154, 157, 135 N. W. 490; *Greene v. Seattle A. Club,* 60 Wash. 300, 111 Pac. 157; *Schoppel v. Daly,* 112 La. 201, 36 South. 322, 325; 3 Shearm. & Redf. Neg. (6th ed.) § 724; *Eckman v. Atlantic Lodge,* 68 N. J. Law, 10, 52 Atl. 293; *Fox v. Buffalo Park,* 21 App. Div. 321, 47 N. Y. Supp. 788.

For the respondent *Smith* there were briefs by *O'Connor, Schmitz, Wild & Gross,* and oral argument by *A. J. Schmitz* and *E. J. Gross.* They contended, *inter alia,* that irrespective of whether or not it was the duty of *DeWolf* to make repairs on the elevator, and whatever his contractual relations with anybody else may have been, having once undertaken to repair the elevator he became liable for a failure to perform the work with reasonable skill and care. *Buldra v. Henin,* 212 Mass. 275, 98 N. E. 863; *Orcutt v. Century B. Co.* 201 Mo. 424, 99 S. W. 1062, 8 L. R. A. N. s. 929; *Southern R. Co. v. Grizzle,* 124 Ga. 735, 53 S. E. 244, 110 Am. St. Rep. 191; *Baird v. Shipman,* 132 Ill. 16, 23 N. E. 384; *Haynes's Adm'rs v. C., N. O. & T. P. R. Co.* 145 Ky. 209, 140 S. W. 176, 180; *Grifhahn v. Kreizer,* 171 N. Y. 661, 64 N. E. 1121; *Schlosser v. G. N. R. Co.* 20 N. Dak. 406, 127 N. W. 502; *Lough v. John Davis & Co.* 30 Wash. 204, 70 Pac. 491, 59 L. R. A. 802; 31 Cyc. 1560. The defendant *Lederer* owed the plaintiff the duty of providing a safe elevator for hauling the goods from the fourth floor of the warehouse, as well as the duty to inspect to determine its condition. This duty was owing whether or not the defendant *DeWolf* under-

took to repair and whether or not there was any agreement between *DeWolf* and *Lederer* relative to who should keep the elevator in repair. *Bright v. Barnett & R. Co.* 88 Wis. 299, 60 N. W. 418; *Hasbrouck v. Armour & Co.* 139 Wis. 357, 364, 121 N. W. 157; *Muench v. Heinemann,* 119 Wis. 441, 96 N. W. 800; *Carter v. R. & I. R. Co.* 147 Wis. 86, 132 N. W. 598; *Steppe v. Alter,* 48 La. Ann. 363, 19 South. 147, 55 Am. St. Rep. 281; *Foley v. J. R. Whipple Co.* 214 Mass. 499, 102 N. E. 84; *Cotant v. Boone S. R. Co.* 125 Iowa, 46, 99 N. W. 115, 69 L. R. A. 982; *McIntyre v. Detroit S. Co.* 129 Mich. 385, 89 N. W. 39; *McIntyre v. Pfaudler V. F. Co.* 133 Mich. 552, 95 N. W. 527; *McDermott v. Burke,* 256 Ill. 401, 100 N. E. 168.

*Adolph Huebschmann,* for the respondent *DeWolf,* to the point that the landlord is not liable for injuries to third persons during the tenancy, caused by the defective condition of the demised premises, and that this includes persons occupying or going upon the premises at the invitation or license or command of the tenant, such as members of his family, employees, guests, or customers of the tenant, cited *Fellows v. Gilhuber,* 82 Wis. 639, 52 N. W. 307; *Anderson v. Hayes,* 101 Wis. 538, 77 N. W. 891; *Kuhn v. Sol. Heavenrich Co.* 115 Wis. 447, 91 N. W. 994; *Cole v. McKey,* 66 Wis. 500, 29 N. W. 279; *Dowling v. Nuebling,* 97 Wis. 350, 72 N. W. 871; 18 Am. & Eng. Ency. of Law (2d ed.) 238; 34 L. R. A. 609 and note; 34 L. R. A. N. S. 808; 46 L. R. A. 83 and note; *Hutchinson v. Cummings,* 156 Mass. 329, 31 N. E. 127; *Marley v. Wheelwright,* 172 Mass. 530, 52 N. E. 1066; *McLean v. Fiske W. & W. Co.* 158 Mass. 472, 33 N. E. 499; *Freeman v. Hunnewell,* 163 Mass. 210, 39 N. E. 1012.

The following opinion was filed April 9, 1914:

MARSHALL, J. If a person who is a tenant of a portion of a building which is rented to several,—to each a particular portion,—employs another to perform a casual service for him, impliedly inviting that other, in performing such serv-

ice, to use an elevator furnished by the landlord to the tenants for their common use and that of persons having occasion to visit or have to do with their respective holdings, the relations of master and servant do not exist between such person and such other in respect to such elevator nor the relation of carrier and passenger, but that of invitor and invitee.

In case of a person employing another to perform a service for him, which involves an invitation to visit premises of which he is a tenant with others and to use an appliance in the performance of such service, as in this case, he owes to such person the duty of ordinary care.

Where the appliance, in the circumstances stated, is furnished for the common use of several tenants, the landlord agreeing or assuming to keep it in repair, ordinary care on the part of the tenant does not include duty to make an expert examination of the machinery for the purpose of discovering defects, if there be any; he may rely on the obligation of the landlord to perform such duty, in the absence of a known breach of such obligation, or actual notice of want of repair or of facts sufficient to put one, so circumstanced, upon efficient inquiry.

The foregoing is in harmony with the instruction which the learned circuit court gave to the jury, which he later considered was efficiently misleading.

The exact thought which caused condemnation of the instruction does not clearly appear. The only expression of the trial judge which throws any light on the question, is the one to the effect that appellant *Lederer* owed to his invitee an active duty; that a casual inspection was not sufficient. The idea could not well have been, in using the term "casual inspection," the mere seeing of those things which would ordinarily come under one's observation by visiting the elevator and using it, because the evidence is pretty clear that something more was done. *Lederer's* agent looked for some evidence that repairs had been made to the elevator, and he op-

erated it, noting its performance in comparison with that before he gave notice that the appliance was out of order. From the manner the machine worked he made up his mind that suitable repairs had been made.' That was something more than a mere casual inspection, if more was required. The evidence shows the person who so passed judgment after the repair was competent therefor. What he did may well have been thought by the jury, such an inspection as a person of ordinary care would ordinarily make under the same or similar circumstances, though not answer to a "particular or technical inspection" as that term was used in the instruction. An inspection of such character would have required some one with competency of a reasonably skilled expert, to ascend to the region of the elevator machinery and examine for discoverable defects. The idea must have been that ordinary care, in the circumstances of *Lederer,* might or might not, in the judgment of the jury, require such an inspection. That was error.

The degree of care which devolved on *Lederer* was correctly given in the instruction. As suggested by counsel for appellant, the instruction was taken from *Gager v. Stolle-Barndt L. Co.* 149 Wis. 154, 135 N. W. 490. It was there given as an elementary principle. We affirm it. Otherwise every tenant in a building, equipped with an elevator, kept in repair by the proprietor for the common use of tenants, would be bound to exercise all the care of a proprietor in regard to the personal safety of any one using the appliance in serving him. By the same principle, if a person employed another to perform a casual service which involved a suggestion to engage a dray to convey freight from one place to another and accompany the drayman, such person would owe to such other the duty of making a careful technical inspection of the drayman's equipment before permitting such other to subject himself to danger of personal injury by reason of any infirmity therein. That might extend to unsuitableness of the team or even the driver. These illustrations,

though somewhat extreme, are legitimate and show the absurdity of departing from the reasonable rule given in *Gager v. Stolle-Barndt L. Co., supra.*

The foregoing is in harmony with *Hasbrouck v. Armour & Co.* 139 Wis. 357, 364, 121 N. W. 157; *Muench v. Heinemann,* 119 Wis. 441, 96 N. W. 800. Of course it was appellant's duty to warn respondent *Smith* of any danger of which he knew, or ought to have known, but that has reference to what one actually knows, or ought to have known, by the exercise of ordinary care under the same or similar circumstances. The rule as to duty to keep in a reasonably safe condition, given and applied in *Carter v. Rockford & I. R. Co.* 147 Wis. 86, 132 N. W. 598, does not extend to such a situation as that in hand.

*DeWolf,* as indicated in the statement, did not appeal. The new trial, in form, was granted on his motion as well as plaintiff's; but, in fact, all questions raised by him were decided against him. He is here, by a brief, as respondent; but his real adversary is the plaintiff, not appellant *Lederer.* If the verdict be wrong upon any ground urged in his behalf, no question in respect thereto entered into the decision appealed from, notwithstanding the form of the order. Therefore, it is considered judgment should be rendered as indicated in the mandate.

*By the Court.*—The order appealed from is reversed, and the cause remanded for judgment on the verdict in favor of defendant *Lederer* against the plaintiff with costs and in favor of plaintiff against defendant *DeWolf* for the amount found by the jury with costs. Costs are awarded in this court in appellant's favor against both respondents.

Kerwin, J., dissents.

A motion for a rehearing was denied, with $25 costs, on June 17, 1914.