FLOOD, by guardian *ad litem,* Respondent, vs. PABST BREWING COMPANY, imp., Appellant.

*October 28—November 17, 1914.*

*Landlord and tenant: Liability for injury to invitee of tenant: Defects in construction: Covenant by landlord to keep premises in repair: Negligence: Dangerous structure: Injury to child playing thereon.*

1. A landlord is liable to a tenant or an invitee of a tenant for injuries received through defects in construction of a building rendering it dangerous, where such dangerous condition was known to the landlord when he executed the lease and the tenant or invitee did not know and was not chargeable with notice thereof.

2. Where the landlord agrees to keep the leased premises in repair, he is liable in tort to an invitee of the tenant who suffers injury in consequence of a breach of his duty to repair.

3. A landowner is liable for injuries to one using due care who comes upon his premises by his invitation, express or implied, where such injuries result from the unsafe condition of such premises known to the owner and which he negligently suffers to exist and of which the injured person has no notice or knowledge.

4. One who maintains upon his land a structure which he knows to be dangerous because out of repair, and who knows that it is the custom of children to play thereon, is liable for an injury to a child so playing, caused by his failure to repair.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

*Annette Flood,* an infant, by her guardian *ad litem* brought this action to recover for personal injuries alleged to have been received .by said infant through the negligence of the defendants. There was a ˙demurrer to the complaint by the defendant *Pabst Brewing Company* on the ground that it did not state facts sufficient to constitute a cause of action, which was overruled and the defendant *Pabst Brewing Company,* a corporation, appealed.

The complaint alleges, in substance, that the defendant *Pabst Brewing Company* was at the times set forth the owner of property in the city of Milwaukee known as 1244 National avenue; that in 1898 said brewing company improved said property by erecting thereon a two-story frame building for saloon and dwelling purposes; that said building faces south, and on its east side near the southeast corner is an exterior entrance to the cellar of said· building, which entrance is a part of said building and consisted of a brick wall about eight inches thick extending upward in a vertical direction about eight feet from a point level with the floor of the cellar; that the wall begins at a point about three and one-half feet north of the southeast corner of said building and runs thence in an easterly direction at right angles to said building for a distance of about four feet, thence fifteen feet parallel to said building in a northerly direction, thence in a westerly direction about four feet to the main foundation of said building; that said wall incloses a flight of wooden steps which extend parallel to said building from the south side. of the wall in a downward direction to the level of the cellar floor; that at the foot of said stairway is a passage of about four feet by five feet where entrance is made to the cellar; that the opening above said cellarway was at all times entirely covered, the south nine feet thereof by two movable

wooden doors attached to said building, and the balance by a
permanent covering of boards about four and one-half feet
long, nailed at one end to the side of the building and at the
other to the outer edge of said cellarway; that the entire cov-
ering, movable and fixed, sloped downward from the side of
said building at an angle of about twenty degrees; that said
premises were at all times occupied by the defendant Cur-
ley under a verbal lease from the defendant *Pabst Brewing
Company* as tenant from month to month; that by the terms
of said lease the defendant *Pabst Brewing Company* agreed
to keep the building and premises in repair; that during the
tenancy of said Curley, in compliance with said agreement,
said brewing company did from time to time make certain re-
pairs upon said building; that said building was improperly
and defectively constructed by said brewing company in that
said covering over the cellarway was so built as to make it
inadequate and insufficient for the purpose for which the
same was to be used; that said covering sloped as above set
forth, and the fixed part thereof consisted of boards about
five and one-half inches wide, three quarters of an inch
thick, and four feet six inches long; that said boards had no
adequate bearings, but rested on two sharp edges; that on
the end near the house they rested on the inner edge of a
2 x 4 scantling, extending thereover about three quarters of
an inch; that on the end farthest from said house they rested
on the outer edge of a 2 x 12 inch plank extending thereover
one inch; that said bearings were not beveled and did not
have fastened thereto any triangular wedges to which said
boards could be properly secured; that said boards were in-
adequately fastened to said bearings by one nail at each end,
which nails were improperly placed and weakened the boards
so that they were not properly secured; that said construc-
tion of said cellarway covering was neither proper, adequate,
nor safe; that said defective construction rendered said boards
in the reasonable and ordinary use of the covering likely to

become loose, slide off their support, and be precipitated to the passage below; that said defects could have been readily discovered at the time the building was being constructed, and proper inspection at any time thereafter would have disclosed said defects; that the defendant *Pabst Brewing Company* knew, or could have known, of said defective construction and was negligent in failing to properly remedy said defects; that said defective condition had existed since the time of the construction of the building; that on the east side of said building is a yard thirteen feet wide, entrance to which is through a gate situated east of and on a line with the front of said building; that the sidewalk at the east side of said building commenced a few feet back of said cellarway; that pedestrians entering said gate generally walked on and along said cellarway covering; that children playing in said yard sat and played upon said covering, and that the defendants knew that said covering was so used and of its defective construction, and failed to warn children playing thereon and pedestrians of the defects; that said defects in construction were not apparent to those who, in the exercise of ordinary care, casually used said covering; that for more than a year prior to 1912 the covering was greatly in need of repairs and that no repairs had been made for over ten years prior thereto; that the boards and nails had become rotten and rusted and some of the boards were for more than a year loose and in danger of falling into the cellarway; that such condition rendered the covering incapable of sustaining the ordinary and natural pressure and strain to which under usual and ordinary circumstances it was subjected; that the defendant Curley, lessee, in June, 1911, notified the defendant *Pabst Brewing Company* of the condition of the covering and asked that the same be repaired, and on June 12, 1912, the defendant brewing company was again notified and asked to repair, but failed and neglected to make any repairs; that the defendant brewing company frequently vis-

ited the premises and knew, or should have known, of the needed repairs; that the defendant Curley neglected to warn those lawfully upon the premises of the danger of the cellar-way covering; that said *Annette Flood* on the 3d day of July, 1912, was an infant four years of age and lived with her father immediately west of the premises occupied by the defendant Curley; that it was a custom of *Annette Flood* to play with the children of defendant Curley and they played upon the premises in question with the consent and at the invitation of defendant Curley; that the defendant *Pabst Brewing Company* frequently saw children playing upon said cellarway covering; that on the 3d day of July, 1912, said *Annette Flood,* at the invitation of defendant Curley, entered the premises occupied by said defendant Curley and played with the children of said Curley; that said *Annette Flood,* her brother, and the daughter of said defendant Curley sat upon the cellarway covering, and said *Annette Flood* in the exercise of due care attempted to leave the covering, and the boards upon which she was sitting slid from their bearings, precipitating her to the cellar steps, causing the injuries complained of; that said *Annette Flood* had not been warned of the dangerous condition of said covering and had no knowledge of the defects or of the dangers of its unrepaired condition; that the falling of said boards was due to the defective construction and want of repair of said covering and to the rotten condition and insecure fastening of said boards; that the defendant brewing company was negligent in failing to properly construct said covering; that the defendant Curley was negligent in failing to warn said *Annette Flood* of the dangers, and that both defendants were jointly and severally negligent in failing to properly repair and keep in repair said cellarway covering; that such negligence was the proximate cause of the injury to said *Annette Flood,* and that said *Annette* was not guilty of any want of ordinary care which con-

tributed to her injury.    Damages are alleged in the sum of $15,000.

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *I. A. Fish,* of counsel, and oral argument by *Mr. Fish.*

For the respondent there was a brief by *Hennessey & Hennessey,* attorneys, and *Vincent D. Hennessey,* of counsel, and oral argument by *V. D. Hennessey.*

KERWIN, J.    The only question involved upon this appeal is whether the complaint states a cause of action against the defendant *Pabst Brewing Company.*    We have set out quite fully the complaint in the statement of facts and need not repeat the allegations of it in the opinion.

The principal contentions of counsel for appellant are that the owner of property owes no duty to a mere licensee to keep the premises reasonably safe, and that the injured party was a mere licensee; that no duty was owed to the tenant here to have the premises in repair or safe or suitable for occupation; and that the invitee of the tenant is not the invitee of the landlord and no greater duty is owed to the invitee than to the tenant; that the action for negligence in this case cannot be founded on failure to perform a contract to repair.

We need not discuss the question whether the appellant here would be liable if the injured infant were a mere licensee, because it is alleged that she was on the premises by invitation and was an invitee.    That a landlord is liable to a tenant and the invitee of a tenant for injuries received through defects in construction of a building rendering it dangerous, and which dangerous condition was known to the landlord when he executed the lease and not known or should not have been known to the tenant or invitee, is quite well settled. *Inglehardt v. Mueller,* 156 Wis. 609, 146 N. W. 808; *Smith v. Lederer,* 157 Wis. 479, 146 N. W. 888; *Anderson v.*

*Hayes,* 101 Wis. 538, 77 N. W. 891; *Kurtz v. Pauly, ante,* p. 534, 149 N. W. 143.

In *Schaefer v. Fond du Lac,* 99 Wis. 333 (74 N. W. 810), at page 338 this court said:

"The law is firmly established by the great weight of authority, that, as between the owner of leased property and a mere stranger, the owner is liable for an injury to the latter, caused by a dangerous defect in the property existing at the time of the lease, unless protected by a covenant binding the lessee to remedy such defects; and there is much authority that he is liable anyway, that is, that he cannot shift the liability for known existing dangers onto the lessee by a covenant to repair."

But in addition to the defective construction alleged in the complaint we have also the allegations to the effect that the defendant *Pabst Brewing Company* agreed to keep the premises in repair and failed to do so. It is argued, however, that this is a contract relation which must be enforced between landlord and tenant and will not support an action based upon negligence of landlord in failure to repair by a stranger to the contract.

It is true there is conflict of authority upon this proposition, but we think the weight of authority and the better reason support the doctrine that a landlord who agrees to keep premises in repair is liable to an invitee of the tenant in an action of tort for breach of his duty to repair. *Barron v. Liedloff,* 95 Minn. 474, 104 N. W. 289; *Mesher v. Osborne,* 75 Wash. 439, 134 Pac. 1092; *Patten v. Bartlett,* 111 Me. 409, 89 Atl. 375; *Stillwell v. South Louisville L. Co.* 22 Ky. L. Rep. 785, 58 S. W. 696, 52 L. R. A. 325; *Edwards v. N. Y. & H. R. Co.* 98 N. Y. 245; *Barrett v. Lake Ontario B. I. Co.* 174 N. Y. 310, 66 N. E. 968. Counsel for appellant relies mainly upon *Burdick v. Cheadle,* 26 Ohio St. 393. This case is out of line with the current of authority.

While the landlord is liable to the tenant for breach of contract to repair he is also liable to the invitee of the tenant in

tort for breach of duty. Where a landlord agrees to keep leased premises in repair, his right to enter and have possession of the premises for such purpose is necessarily implied, and his duties and liabilities in that regard are in some respects similar to those of an owner and occupant. His negligent failure to repair, therefore, is a breach of duty, and any one lawfully upon the premises by invitation of the tenant who suffers injury in consequence of the landlord's breach of duty has an action for negligence against the landlord. *Boyce v. Tallerman,* 183 Ill. 115, 55 N. E. 703; *Moore v. Steljes,* 69 Fed. 518.

While the decisions of this court are not directly in point they inferentially, if not directly, support the doctrine that where a landlord agrees to keep premises leased in repair he is liable to the invitee of a tenant for breach of duty in that regard. *Smith v. Lederer,* 157 Wis. 479, 146 N. W. 888; *Anderson v. Hayes,* 101 Wis. 538, 77 N. W. 891; *Cole v. McKey,* 66 Wis. 500, 29 N. W. 279; *Dowling v. Nuebling,* 97 Wis. 350, 72 N. W. 871; *Schaefer v. Fond du Lac,* 99 Wis. 333, 74 N. W. 810; *Hasbrouck v. Armour & Co.* 139 Wis. 357, 121 N. W. 157; *Haley v. Swift & Co.* 152 Wis. 570, 140 N. W. 293; *Johanson v. Webster Mfg. Co.* 139 Wis. 181, 120 N. W. 832; *Moroder v. Fox,* 155 Wis. 503, 143 N. W. 1040; *Brunswick-Balke-Collender Co. v. Rees,* 69 Wis. 442, 34 N. W. 732. And it has been held by this court that a landowner is liable for injuries to one using due care, who comes upon his premises by his invitation, express or implied, by reason of the unsafe condition of such premises known to the owner and which he negligently suffers to exist and of which the injured party has no notice or knowledge. *Hupfer v. Nat. D. Co.* 114 Wis. 279, 90 N. W. 191.

Moreover, in the instant case it is alleged that the place was dangerous and that the landlord knew it and failed to repair, and knew that it was the custom of children to play upon the dangerous structure. Under such circumstances

this court has ruled that the landowner is liable. *Webster v. Corcoran Bros. Co.* 156 Wis. 576, 146 N. W. 815; *Kelly v. Southern Wis. R. Co.* 152 Wis. 328, 140 N. W. 60; *Harris v. Eastern Wis. R. & L. Co.* 152 Wis. 627, 140 N. W. 288.

We are convinced that the complaint stated a cause of action against the appellant, *Pabst Brewing Company*.

*By the Court.*—The order is affirmed.

WINSLOW, C. J. (*concurring*). I agree entirely with the result in this case, but I fear that the opinion may be erroneously construed by some as intimating that the defendant's liability is wholly or partially a contract liability. Such, of course, is not the case. The defendant made no contract with the plaintiff and its liability is solely a tort liability. The principles on which that liability is founded are simple and may be thus stated: (1) A property owner in possession is liable in tort to an invitee, who is exercising ordinary care, in case of injury resulting from a breach of the owner's duty to keep the premises in reasonably safe condition. (2) When, however, the owner leases the premises by ordinary lease, he commits their care and the duty to keep them reasonably safe to the tenant (as he lawfully may), and hence he is relieved of liability for defects arising during the tenancy by reason of the tenant's neglect to perform that duty. (3) If, however, the landlord covenants with the tenant to keep the premises in repair, he thereby elects not to surrender the duty of care and is manifestly and logically liable for breach of that duty to the same extent as if no lease had been made.

MARSHALL, J. I concur in the foregoing opinion.