Smith, Respondent, vs. DeWolf, Appellant.

*October 30—November 17, 1914.*

*Appeal: Disposition of cause: Direction of judgment: Proceedings below.*

Where the mandate of the supreme court directs the entry of a final judgment in the court below, no further proceeding can ordinarily be taken in that court except to enter the judgment as directed.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

The action is to recover damages for personal injuries due to an elevator accident. The case was presented to this court on a former hearing on the appeal of a codefendant, Lederer, and is reported as *Smith v. Lederer,* 157 Wis. 479, 146 N. W. 888. No additional facts to those reported on that appeal need be stated, except that the present appellant, *DeWolf,* after the case had been remitted to the trial court, moved the trial court to reverse its order denying the motions of *DeWolf,* which he made upon the trial of the action in the circuit court, for judgment notwithstanding the verdict, to change the answers to a number of the questions of the verdict, and for judgment upon the verdict after changing the answers demanded in this motion. The trial court denied this motion upon the ground that the court was bound by the mandate of this court, and awarded judgment for the plaintiff. This is an appeal from such judgment.

*Adolph Huebschmann,* for the appellant.

For the respondent there was a brief by *O'Connor, Schmitz, Wild & Gross,* and oral argument by *A. J. Schmitz* and *Robert Wild.*

SIEBECKER, J. On the former appeal of this case by the defendant Lederer, the present defendant, *DeWolf,* appeared as respondent. Lederer appealed from the order of the circuit court granting a new trial in the action on the motions of the plaintiff, *Smith,* and this appellant, *DeWolf.* The verdict rendered by the jury exonerated Lederer from all liability to the plaintiff and found *DeWolf* guilty of actionable negligence. The plaintiff was entitled to judgment on the verdict rendered against *DeWolf.* Lederer assailed the order of the trial court granting a new trial on the hearing before this court. *DeWolf* appeared as respondent on that hearing and claimed, as he had in the circuit court, that the

evidence did not sustain the verdict finding him guilty of ac-
tionable negligence, and upon oral argument and written
brief contended that the trial court erred in refusing his mo-
tions "for a nonsuit at the close of the plaintiff's case, and
again erred in refusing defendant's motion to direct a ver-
dict in his favor," and that if this court did not find that the
plaintiff's complaint against *DeWolf* should be dismissed,
then the order granting a new trial in the action should be
affirmed. The same points were argued on a motion in this
court for a rehearing and to modify the mandate of this
court so as to authorize the circuit court to re-examine the
questions raised by his motions for a nonsuit and a directed
verdict, if the motion for a. rehearing be denied, and thus
preserve to him the right to have his alleged errors reviewed
by this court on an appeal if the circuit court awarded judg-
ment against him on the verdict rendered by the jury. These
motions were denied by this court, and the mandate, direct-
ing a reversal of the order granting a new trial and judg-
ment on the verdict in favor of Lederer against the plaintiff
with costs, and in favor of the plaintiff against *DeWolf*
for the amount of damages found by the jury, with costs,
was permitted to stand. Upon this appeal the defendant,
*DeWolf,* urges that the complaint states no cause of action
against him; and that the findings of the jury to the ef-
fect that a defect in the hoisting device of the elevator
caused it to fall and injure the plaintiff, that he agreed to
keep the elevator in repair, that he was notified of such de-
fect and undertook to repair it, and that his failure to repair
it and make it safe was the proximate cause of the plaintiff's
injuries, are not sustained by the evidence in the case. The
trial court properly ruled that where the mandate of this
court directs the entry of a final judgment in the court. be-
low, no further proceeding can be taken in the trial court and
that it must enter judgment as directed in the mandate.
This question has been repeatedly passed upon by this court.

The subject was fully considered in the recent case of *Mona-han v. Fairbanks-Morse Mfg. Co.* 150 Wis. 512, 137 N. W. 748, and the doctrine of the adjudications approved. It was declared that this court on appeal has not only presented to it the questions arising on the errors assigned, but also what disposition shall be made of the action, if any of the errors assigned are sustained.

The record discloses that the questions now raised in this court on the merits of appellant's exception to the rulings of the trial court are the same that were presented by him on the former appeal of Lederer, and that counsel then in substance presented all of the arguments and reasons now urged upon the court in support thereof. We have however deemed it appropriate to look into the record, in the light of appellant's asseverations, for the purpose of ascertaining whether or not this court did an injustice to appellant in directing the trial court to enter judgment against him for the amount of the damages found, with costs. A painstaking review of the record presented by the appellant in support of his exceptions has convinced us that this court's direction to the trial court to enter judgment against him on the verdict was fully justified, for the reason that appellant's contention that the trial court erred in holding that the plaintiff had established a good cause of action against him is not sustained. The complaint alleges a good cause of action and the evidence abundantly sustains the findings of the jury.

The trial court properly held that the mandate of this court is conclusive upon the parties and that final judgment had to be entered accordingly.

*By the Court.*—Judgment affirmed.

KERWIN, J. (*dissenting in part*). When this case was here originally I did not agree with the majority of the court and entered my dissent. *Smith v. Lederer,* 157 Wis. 479, 146 N. W. 888. Afterwards on motion for rehearing and

to change the mandate I was of opinion that the rehearing should be granted, or at least the mandate changed. The court refused the rehearing, also refused to change the mandate. While I think the case was decided wrong originally and also that the motion to amend the mandate should have been granted so as to afford the appellant an opportunity to move the court below for a new trial, I do not see how the court below could have done differently than to enter judgment according to the mandate.